JOHN O. KELLY *vs.* WORCESTER MUTUAL FIRE INSURANCE COMPANY.

A policy of insurance obtained upon a building by the owner and containing a proviso that it shall be void if the building shall be occupied or used for unlawful purposes, is avoided by a tenant's use of the building for an unlawful purpose, even if without the owner's knowledge.

The use of a building for storing whiskey with intent to sell the same therein, and the sale of the same there, from time to time, by retail, without license, is a use of the building for an unlawful purpose within the meaning of a proviso in a policy of insurance thereon that the policy shall be void if the building shall be used for unlawful purposes.

CONTRACT upon a policy of insurance on a building comprising the plaintiff's store, stable and carriage-house, for one year from January 1, 1866. Upon the face of the policy were printed these provisions : " *Provided,* always, that whenever a building hereby insured shall be unoccupied, or shall be occupied or used for the manufacture of wool, cotton, hemp, oil, paper, machinery iron or wood work of any kind, or any other business or purpose alike hazardous, (unless herein specially provided for,) or for the

storage of wool, cotton, hemp, or wool or cotton waste, or if occupied or used for unlawful purposes, or if wood ashes are allowed in wooden vessels, or if the heating apparatus for any purposes are not well secured by incombustible materials, this policy shall be void; *and provided* that if, without the consent of this company, expressed in this policy, the assured shall now have, or hereafter make, any other contract of insurance against loss by fire on the property, or any part thereof, hereby insured, whether such other contract shall be valid or not as against the parties thereto, or either of them; or if the risk shall be increased by any means whatever within the control of the assured; or if the title to the property insured, or any part thereof, shall be alienated, or this policy, or any interest therein shall be assigned without the written consent of the company, within thirty days from the time of such alienation; or if smoking is allowed in any barn or stable insured or containing property hereby insured; or if the assured shall in any way attempt to defraud said company, then, and in either such case, this policy shall be void."

The case was submitted to the decision of the court upon a statement of facts, the material part of which was as follows: " The building insured was totally destroyed by fire May 7, 1866, and due notice thereof and of the amount of the loss was given to the defendants. For some months previous to the fire, and at that time, Thomas F. Kelly, a brother of the plaintiff, had the care of the building. In February 1866, Thomas hired of the plaintiff the store, for the alleged purpose of storing in it a quantity of whiskey, and immediately afterwards the whiskey was put into the store by Thomas and remained there till the time of the fire, except so much thereof as was sold at the store. While the whiskey was so stored in the building, Thomas from time to time sold to various individuals in the store quantities of whiskey, varying from one glass to two gallons, and delivered the same in the store without any license so to do. The store was generally kept locked and the purchasers were admitted to it by Thomas. No other property was kept there for sale. At the time of the fire there were about nineteen barrels of whiskey

in the store, all of which was destroyed. The plaintiff knew that Thomas hired the store for the purpose of storing whiskey in it, that the whiskey was stored there, that Thomas kept said liquors with the intent to sell the same in said store, and that he had no license to sell intoxicating liquors, but the plaintiff did not know that any sales of said whiskey were made in said store."

*T. G. Kent,* for the plaintiff, to the point that the use and occupation for unlawful purposes must have been substantial, permanent and habitual, not merely incidental, to render the policy void, cited *Shaw* v. *Robberds,* 6 Ad. & El. 75 ; *Dobson* v. *Sotheby,* Mood. & Malk. 90 ; *Mayall* v. *Mitford,* 1 Nev. & P. 732 ; *New York Equitable Insurance Co.* v. *Langdon,* 6 Wend. 623, 628 ; *O'Niel* v. *Buffalo Insurance Co.* 3 Comst. 122 ; *Hynds* v. *Schenectady Insurance Co.* 1 Kernan, 554 ; *Moore* v. *Protection Insurance Co.* 29 Maine, 97 ; *Loud* v. *Citizens' Insurance Co.* 2 Gray, 221 ; *Hoffman* v. *Ætna Insurance Co.* 32 N. Y. 414, and cases there cited ; *Boardman* v. *Merrimack Insurance Co.* 8 Cush. 583 ; and to the point that, to render the policy void, the plaintiff must have known all the facts necessary to make the sale unlawful, cited *Sanford* v. *Mechanics' Insurance Co.* 12 Cush. 541 ; *White* v. *Mutual Assurance Co.* 8 Gray, 566 ; *Hall* v. *People's Insurance Co.* 6 Gray, 191 ; *Nichols* v. *Fayette Insurance Co.* 1 Allen, 63.

*G. F. Hoar & S. Utley,* for the defendants.

GRAY, J. We have not found it necessary to consider the question, which was much discussed at the bar, whether, by the fair construction of the agreed statement, the plaintiff must be taken to have known that the building insured was used for unlawful purposes ; because we are of opinion that upon the undisputed facts such knowledge need not be shown in order to sustain the defence.

The plaintiff's tenant, for two or three months before the fire, stored a number of barrels of intoxicating liquors in the building, with intent to sell such liquors in it, and did in fact from time to time sell the same there by retail without license, in violation of the Gen. Sts. *c.* 86, §§ 28–34, and did not sell or keep

Kelly *v.* Worcester Mutual Fire Insurance Company.

for sale on the premises any other property. This habitual use of the building for an unlawful purpose by the tenant, even if unknown to the owner, avoided his policy, by the terms of the first proviso, the manifest object of which is to define certain risks which the insurers will not assume, without regard to the question whether they arise or exist by the act or with the knowledge of the assured; and the omission of any reference to him in this proviso is made the more marked by the repeated mention of his action and control in the proviso which immediately follows. The clause in the first proviso, which might most plausibly be argued to involve his knowledge or permission, is that next after the clause " if occupied or used for unlawful purposes," by which it is further stipulated that " if wood ashes are allowed in wooden vessels," the policy shall be void. But it has been decided by this court that a policy containing a clause almost precisely like this was avoided by the placing of ashes in a wooden barrel by a servant, without any direction of the assured. *Worcester* v. *Worcester Insurance Co.* 9 Gray, 27. See also *Mead* v. *Northwestern Insurance Co.* 3 Selden, 533; *Fire Association of Philadelphia* v. *Williamson,* 26 Penn. State, 196; *Howell* v. *Baltimore Equitable Society,* 16 Maryland, 377.

In some of the cases cited for the plaintiff, the prohibited use was not so constant or habitual or of such a nature as to fall within the terms of the provision, and in the others the knowledge or assent of the assured was expressly required in order to avoid the policy. *Judgment for the defendants.*