[No. 3,038.]

JULES CERF AND ALPHONSE DENNERY v. HOME INSURANCE COMPANY.

CONSTRUCTION OF FIRE INSURANCE POLICY.—Where a policy of fire insurance upon goods in a store contained a clause prohibiting the use of any burning fluid or chemical oils, and a subsequent clause expressly permitting the use of kerosene oils for lights in dwellings: *Held*, that the use of kerosene oil as a light in the store rendered the policy null and void.

IDEM.—Where the owner of a store in which the goods were assured slept in a small back room at the store, with his clerk, but kept a kerosene lamp burning at night in the store, for protection against burglars: *Held*, that such use did not constitute the premises a dwelling, so as to avoid a clause in the policy which prohibited the use of kerosene light in the store.

APPEAL from the District Court of the Fourth Judicial District, City and County of San Francisco.

The defendant by two several policies insured one Stoutenberg against loss by fire of certain goods and fixtures in a store in the City of Sacramento. The store was destroyed by fire on the 31st day of December, 1869, and thereafter Stoutenberg, for a valuable consideration, assigned his interest in the policy to the plaintiffs, who brought this action to recover the amount of the insurance. It appeared at the trial that Stoutenberg and his clerk, until about three weeks before the fire, slept at the store, in a back room joining the store, and the clerk slept there until the fire. The store was lighted with gas in the evening, and at night the gas was turned off and a small lamp filled with kerosene oil was, during each night, left burning on the counter in the store, as a protection against burglars. The plaintiff had judgment; the Court granted the defendant a new trial, and the plaintiff appealed from the order granting the new trial.

The other facts are stated in the opinion.

*Coffroth & Spaulding, S. M. Wilson,* and *McKune & Welty,* for Appellant, cited *Knight* v. *N. E. M. Ins. Co.,* 8 Cush. 393 ; *Stebbins* v. *Globe Ins. Co.,* 2 Hull, N. Y., 589, 632 ;

*Jefferson Ins. Co.* v. *Cotheal,* 7 Wend. 72; *Snyder* v. *Farmers' Ins. Co.,* 13 Wend. 92; 16 Wend. 481; *K. & L. M. Ins. Co.* v. *Southard,* 8 B. Monroe, 634; *Wall* v. *Howard Ins. Co.,* 14 Barb. 383 ; *Columbia Ins. Co.* v. *Cooper,* 50 Pa. 331 ; *Glendale W. Co.* v. *P. I. Co.,* 21 Conn. 19; *P. Ins. Co.* v. *Horner,* 2 Ohio, 452 ; *L. I. Ins. Co.* v. *Mitchell,* 48 Pa. 367 ; *Lee* v. *Boston,* 2 Gray, 490; *Abington* v. *N. Bridgport,* 23 Pick. 187; *Putnam* v. *Johnson,* 10 Mass. 501.

*Doyle & Barber* and *H. P. Barber,* for Respondent, cited *Murdock* v. *Chenango Co.,* 2 Conn. 210; *Mead* v. *N. W. Ins. Co.,* 7 N. Y., 3 Seld., 530 ; *Duncan* v. *Sun Fire Ins. Co.,* 6 Wend. 488; *Inman* v. *Western Fire Ins. Co.,* 12 Wend. 452; *Egan* v. *Mutual Ins. Co.,* 5 Denio, 326 ; *Stettiner* v. *Granite Ins. Co.,* 5 Duer, 594; *Westfall* v. *Hudson R. Ins. Co.,* 12 N. Y., 2 Kern, 289.


By the Court, WALLACE, C. J.:

The appeal is from an order granting the defendant a new trial.

The action was upon a policy of insurance which contained a provision that "if the accused shall keep gunpowder, fireworks, nitro-glycerine, phosphorus, saltpeter, nitrate of soda, petroleum, naphtha, gasoline, benzine, or benzine varnish, or keep or use camphine, spirit gas, or any burning fluid or chemical oils, without written permission in their policy, then, and in every such case, this policy shall be void. Kerosene oil, however, may be used for lights in dwellings and kept for sale in stores in quantities not exceeding five barrels, to be drawn by daylight only." At the request of the defendant the Court instructed the jury as follows:

"If the jury believe from the evidence that a lamp supplied by kerosene or chemical oil was used as a light in the store in question at the time of the fire, or at any time after the execution of the policy of insurance, before the fire, that fact renders the policy null and void, and the verdict must be for the defendant."

The motion for a new trial was made upon the ground " that the verdict should have been for defendant instead of plaintiff in consequence of the assured using kerosene oil as a light in said store as aforesaid without written permission of his policy."

1. We are of opinion that the purport of the policy is that the use of kerosene oil was thereby prohibited to the assured unless used as a light in a *dwelling*. If the premises were not of that character, but were a *store*, then its use by the assured amounted to a forfeiture of the policy. The privilege of using kerosene oil as a light is expressly extended to the case of a *dwelling*, and in the face of this it would be doing violence to the plain intention of the parties, as shown in the language of the policy, to extend that privilege so as to embrace the case of a store as such.

2. Nor do we think that it can be fairly claimed that the premises upon which the kerosene oil was actually used as a light constituted the *dwelling* of the assured within the intent of the policy. Even supposing that the small back room in which the assured and his clerk slept was in itself a *dwelling*, distinguishable from the larger room which unquestionably was a store, and that the use of kerosene oil within the small sleeping apartment as a light would therefore be its use in a dwelling, and so be permissible under the terms of the policy; yet it is apparent from the testimony given in the case by the assured and his clerk when testifying as witnesses, that the lamp supplied with kerosene oil was, habitually and on the night of the fire, left burning on the

counter in the store room proper, where it seems to have been placed for protection against burglars. We think that the instruction as given by the Court was correct, and there being no conflict in the evidence as to the fact that the kerosene lamp was used as a light in the store proper, the verdict of the jury ought to have been for the defendant.

Order affirmed.