MARY E. MATSON, Respondent, *v.* THE FARM BUILDINGS INSURANCE COMPANY, Appellant.

A policy of fire insurance provided that the insurer should not be liable for loss occasioned by the use of kerosene oil as a light in any barn or out-building. In an action upon the policy, *held*, that the condition was not simply a provision against the habitual use of the oil, but that its use upon a single occasion, if it caused a loss, *i. e.*, if loss would not have resulted if other oil had been used, forfeited the policy.

Also, *held*, that the condition contemplated and provided against the danger resulting from the upsetting or breaking, by some intervening accident, of a lamp filled with the oil named, as well as to a direct and immediate effect therefrom, such as an explosion.

To render the direction of a verdict subject to the opinion of the court at General Term proper, all the facts necessary to enable the court to render a final judgment must be conceded or established beyond controversy. *Matson* v. *F. B. Ins. Co.* (9 Hun, 415), reversed.

(Argued March 26, 1878; decided April 16, 1878.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, in favor of plaintiff, entered upon an order directing judgment on a verdict taken subject to the opinion of the court at General Term. (Reported below, 9 Hun, 415.)

This action was brought upon a policy of fire insurance issued by defendant covering, among other property, two barns.

The policy contained a provision in substance, that the defendant should not be liable for a loss occasioned by the use of kerosene oil, burning fluid, or any chemical fluid, or any chemical oil as a light in any barn or outhouse. On the morning of the 19th of September, 1871, the plaintiff's husband took a kerosene lamp and went into one of the barns to catch a couple of fowls. He placed the lamp on the end of a plank, then caught one of the fowls; while in pursuit of the other a fowl flew against the lamp, throwing it over on the straw, which took fire, and the barn was destroyed. On the trial the defendant's counsel asked for a nonsuit on the ground that the condition above mentioned was violated, and the policy thereby rendered void. The court overruled the motion, and directed a verdict for plaintiff for the amount of the loss, subject to the opinion of the court at General Term, to which defendant's counsel duly excepted. A verdict was rendered accordingly.

*S. Earl*, for appellant. It matters not how much or how little kerosene oil was used as a light, so long as its use occasioned the loss. (*Jube* v. *Brooklyn F. Ins. Co.*, 28 Barb., 412; *Jennings* v. *Chenango Co. Ins. Co.*, 2 Den., 75; *Wilson* v. *Herk. Co. Ins. Co.*, 2 Seld., 53; *Burritt* v. *Sar. Co. Ins. Co.*, 5 Hill, 188; *Chaffie* v. *Cat. Co. Ins. Co.*, 18 N. Y., 376; *Brown* v. *Cat. Ins. Co.*, id., 385.) It was not necessary to show that the use of the kerosene was habitual. (*Westcott* v. *Thompson*, 18 N. Y., 363; *Reynolds* v. *Com. F. Ins. Co.*, 47 id., 597; *Aub. City Bank* v. *Leonard*, 40 Barb., 119; *Lamott* v. *Hud. R. Ins. Co.*, 17 N. Y., 199, *note ; Alston* v. *Mech. Mut. Ins. Co.*, 4 Hill, 329; *Norton* v. *Woodruff*, 2 N. Y., 153; *Glen* v. *Lewis*, 20 Eng. L. & Eq., 364; *Harper* v. *Albany Mut. Ins. Co.*, 17 N. Y., 194.) It was not material whether plaintiff knew of the use of the kerosene oil or not. (1 Phil. on Ins., 410, chap. 9, § 10; 1 Arn. on Ins., 587; *Mead* v. *N. W. Ins. Co.*, 7 N. Y., 530, 533; *Murdoch* v. *Chenango Co. Ins. Co.*, 2 id., 210; *Duncan* v. *Sun F. Ins. Co.*, 6 Wend., 488; *Worcester* v. *Worcester F. Ins. Co.*, 9

Gray, 27; Flanders on Ins., 480; *St. John* v. *Am. Mu. F. and M. Ins. Co.*, 11 N. Y., 516; *Haywood* v. *L. L. and F. Ins. Co.*, 7 Bosw., 385; *Briggs* v. *N. Am and Mer. Ins. Co.*, 53 N. Y., 446.)

*S. N. Dada*, for respondent. The condition that a loss occasioned by the use of kerosene oil should relieve defendant from liability meant a customary and habitual use, as distinguished from the use of it on a single occasion. (*O'Neil* v. *Buffalo Ins. Co.*, 3 Coms., 122; *Gates* v. *Madison Ins. Co.*, 1 Sel., 469; *Breasted* v. *Farmers' L. and T. Co.*, 4 id., 305; *Hynds* v. *Schenectady Co. Mu. Ins. Co.*, 1 Kern., 554; *Bumstead* v. *Dividend Mu. Ins. Co.*, 2 id., 81; *Hoffman* v. *Ætna Ins. Co.*, 32 N. Y., 405; *Reynolds* v. *Commerce Fire Ins. Co. of N. Y.*, 47 id., 597; *Rann* v. *Home Ins. Co.*, 59 id., 387; *N. Y. Eq. Ins. Co.* v. *Langdon*, 6 W. R., 623; *Potter* v. *Bank of Ithaca*, 5 Hill, 490; id., 591, note " *a* ;" *Dobson* v. *Lotheby*, 22 Eng. C. L. R., 260; *Shaw* v. *Robberds*, 33 id., 12, 15, 16; *Moore* v. *Pro. Ins. Co.*, 29 Maine, 97; *Bennett* v. *Eufaula Home Ins. Co.*, 46 Ala., 11; 2 Green Ev. [3d ed.], § 408; *Van Valkenburgh* v. *Amer. Pop. Life Ins. Co.*, 5 N. Y. W. Dig., 89; *Williams* v. *New England Mu. Ins. Co.*, 31 Me., 219.) As the use of the kerosene was the remote and not the proximate cause of the fire, defendant was not released. (*Gates* v. *Mad. Co. Ins. Co.*, 1 Seld., 478; 1 Kern., 15; 6 Lans., 72; *Sauter* v. *N. Y. C. and H. R. R. R. Co.*, 6 Hun, 450; *Ins. Co.* v. *Tweed*, 7 Wal., 44; *Cuff* v. *N. and N. Y. R. R. Co.*, 35 N. J., 17; Whart. on Neg., § 134; *Loney* v. *W. U. Tel. Co.*, 60 N. Y., 198; *Kellogg* v. *St. P. and M. R. R. Co.*, 5 N. Y. W'kly Dig., 213; *Tisdale* v. *Inhabs. of Norton*, 8 Metc., 388; *Marble* v. *City of Worcester*, 4 Gray, 395; *Crain* v. *Petrie*, 6 Hill, 522; *Bann* v. *N. Y. C. R. R. Co.*, 35 N. Y., 210; *Fairbanks* v. *Kerr*, 70 Penn., 86; *Krach* v. *Hielman*, 4 N. Y. W. Dig., 163; *Shugart* v. *Egan*, id., 493.) The kerosene having been used without plaintiff's knowledge or authority, defendant was not relieved from liability. (*Ins. Co. N. Am.* v. *McDonnell*, 50

Ill., 120; *Aurora Ins. Co.* v. *Eddy*, 55 id., 213; *Mickey* v.
*Bur. Ins. Co.*, 35 Iowa, 174; *Lord* v. *Citizens', etc., Ins. Co.*,
4 Gray, 221.)

RAPALLO, J. The policy provided that the defendant
should not be liable for a loss occasioned by the use of kerosene
oil as a light in any barn or outbuilding. The court at General
Term held, that the use referred to in this provision was the
habitual use of the specified material, and not its use on a
single occasion. Thus construed, the clause would read that
the defendant should not be liable for a loss occasioned by
the habitual use of kerosene oil, etc. We cannot concur in
this construction. In the nature of things, if the use of
kerosene oil occasioned the loss, the result must have been
caused by such use on some particular occasion, and it would
be of very little moment whether or not the oil had been
habitually used previously without doing injury. It is
impossible to conceive how such previous habitual use of
the article could have caused the fire. If immediately after
taking out the policy, kerosene oil was used, and on the very
first occasion it set fire to the barn, according to the construc-
tion claimed the loss would be recoverable, because there
must have been a previous habitual harmless use of the oil
to entitle the insurance company to the benefit of the stipu-
lated exemption. Such could not have been the intent of
the stipulation. Its intent clearly was to exempt the com-
pany from liability for any loss occasioned by kerosene when
employed as a lighting material. The essence of the contract
was, that for a loss occasioned by that substance, so employed,
the company should not be liable. The object of the clause
was not to prohibit the use of kerosene, if the insured chose
to use it at her own risk. If the agreement had been that
the use of kerosene oil for lighting purposes should vitiate
the policy, whether it caused a loss or not, there might be
some color for the argument that the danger intended to
be guarded against was that of the habitual use of the article
and not its accidental use on an isolated occasion. But such

is not this provision.   The use of the oil was not prohibited, and would not, however habitual, have affected the policy. The point of the condition was that if it so happened that a loss was occasioned by that material being used as a light, such loss was not insured against.   It was analogous to the case of a policy exempting the company from any loss occasioned by an explosion.

But it was not sufficient to exempt the company, that the fire was set by a lamp which happened to be fed with kerosene oil.   The employment of that particular material must have occasioned the fire.   If the circumstances were such that it could be clearly seen that the result would have been the same had the lamp been filled with lamp oil — as for instance, if the flame of the lamp while burning in the natural way had come in contact with combustible matter, it would be obvious that the loss was not occasioned by the use of kerosene.   But if the circumstances were such that the fire was fairly attributable to the use of kerosene, as for instance, if the lamp had burst, or had been upset in such a manner that if it had been filled with ordinary oil it would have been extinguished, but from being filled with kerosene it continued to burn, or its contents were spilled and burned as oil would not have done, and this caused the fire, then it would be reasonably certain that the loss was occasioned by the use of kerosene.

Whether the use of kerosene occasioned the fire was a question of fact, essential to the determination of the case. It was to be ascertained from circumstances and inferences to be drawn from them, and these were matters for the consideration of the jury and not of the court.   The case seems to have been considered at General Term on the assumption that the fire was occasioned by the use of kerosene, and to have been decided on the ground that such use not having been habitual, the company was not exempt from liability. The facts stated in the case are not sufficient to show whether the loss was or was not thus occasioned, and, therefore, it was not a proper case for a verdict subject to the opinion of

the court. To render the direction of such a verdict proper, all the facts necessary to enable the court to render a final judgment one way or the other must be conceded or established beyond controversy. The case as presented is deficient in this respect.

We do not think that the circumstance that the lamp was upset by a fowl is decisive. Some accident must ordinarily intervene to produce a fire from the use of a kerosene light. The provision of the policy cannot justly be construed so as to confine it to the direct and immediate effect of the kerosene, such as an explosion, but must be held to have contemplated the danger resulting from the upsetting or breaking, by some intervening accident, of a lamp filled with the highly inflammable substance. Neither was the fact that the lamp was taken into the barn by the plaintiff's husband and not by her, important. The exemption cannot be so construed as to confine it to the case of a use of the article by the plaintiff in person, or by her express direction. If used in the barn by any member of the household, lawfully there, it is within the terms of the policy. It is not necessary to consider what would have been the effect if introduced into the barn by a trespasser.

We are of opinion that there was a mistrial, and that the judgment must be reversed and a new trial ordered; costs to abide the event.

All concur, except EARL, J., not sitting.

Judgment reversed.