GUNTHER v. LIVERPOOL & LONDON & GLOBE INS. CO.[1]

(Circuit Court, E. D. New York. February 23, 1882.)

1. FIRE INSURANCE—PLEADING CONDITIONS—WAIVER OF OBJECTION.
The insurer, in its answer, set out the conditions of the policy, and alleged generally that they were broken, and then specified the particulars in which they were broken, not mentioning, however, a condition against drawing kerosene by any light other than daylight. Evidence was admitted tending to show that kerosene was being drawn by artificial light, and caught fire therefrom. This evidence went in, however, as part of the circumstances attending the fire, and plaintiff had no opportunity to object on the ground that the condition was not pleaded. *Held*, that its admission was not a waiver of the objection, and defendant was not entitled to an instruction that the policy was void for breach of this condition.

2. SAME—BREACH OF CONDITIONS.
A condition, in a policy on an hotel, avoiding the policy if the premises should be occupied or used so as to increase the risk by any means whatever. "within the control of the assured," or if the assured should keep benzine there, is not broken by the act of an agent of the lessee of the hotel in taking benzine there for his own individual purposes, not connected with the running of the hotel.

3. SAME—PERMISSION TO KEEP BENZINE, ETC.—QUESTION FOR JURY.
A policy on an hotel was conditioned to be void if gasoline or benzine were kept on the premises without permission. Written permission was given "to use gasoline gas, gasometer, blower, and generator being underground, about 60 feet from main building, in vault." *Held*, that the question whether this did not include permission to keep on the premises the necessary gasoline or benzine for making the gasoline gas was properly left to the jury.

This was an action by Charles Godfrey Gunther against the Liverpool & London & Globe Insurance Company upon a policy of fire insurance on an hotel. The jury returned a verdict for plaintiff, and defendant moved for a new trial.

George H. Forster, for plaintiff.
William Allen Butler, for defendant.

[1] This case has been heretofore reported in 20 Blatchf. 362, and is now published in this series, so as to include therein all circuit and district court cases elsewhere reported which have been inadvertently omitted from the Federal Reporter or the Federal Cases. The judgment of the circuit court was subsequently reversed. See 116 U. S. 113, 6 Sup. Ct. 306.

WHEELER, District Judge. This action is brought upon two policies of insurance covering the plaintiff's hotel, stable, and bathing houses. The policies contained clauses providing that if the premises should "be occupied or used so as to increase the risk by any means whatever within the control of the assured, without the assent" of the company, or if the assured should "keep * * * gasoline, benzine, * * * without written permission in the policies," then, in every such case, the policies should be void, and that "benzine, * * * gasoline, * * * were not to be stored, used, kept, or allowed on the above premises, temporarily or permanently, for sale or otherwise, unless with written permission indorsed on this policy, excepting the use of refined coal, kerosene, or other carbon oil, for lights, if the same is drawn and the lamps filled by daylight; otherwise, this policy shall be null and void." There was written in the policy: "Privilege to use gasoline gas, gasometer, blower, and generator being underground, about 60 feet from main building, in vault, no heat employed in process;" and "privilege to keep not exceeding 5 barrels kerosene oil on said premises." Gasoline gas apparatus, as described in the permission, was in use when that permission was given, and that use was wholly discontinued, and the permission to keep kerosene oil was given. There was an oil room in the basement of the hotel, in which materials for lighting were kept. The hotel was run by a Mrs. Walker; and Mr. Walker, her husband, was her agent in its management. The property insured was destroyed by fire, which took in the oil room, between sundown and dark, from a light carried in there by servants, by direction of Walker, for the purpose of drawing oil, sent for from a neighboring hotel. The answer set out the conditions in the policy mentioned, and averred, as defenses, that these conditions were broken, by keeping or allowing benzine on the premises, and thereby increasing the risk, without consent or permission, among other things, but did not otherwise set out any breach by drawing oil after daylight or by other light.

On the trial, the evidence of the defendant tended to show that, the day before the fire, a half barrel of benzine was procured by Walker to be brought and put into the oil room, for use in lighting the premises, and that this was the same as gasoline, and was what was sent for from the other hotel, and was being drawn and took fire from the light, and caused the loss, and that its presence greatly increased the risk. The evidence also tended to show that Walker procured the benzine for use at a picnic in an adjoining grove the next day, and not for the purposes of the hotel. The plaintiff's evidence tended to show that no benzine was brought there at all, and that, if there was, it was without the authority or knowledge of the plaintiff, and that kerosene was what was being drawn when the fire took. A witness for the defendant stated that in the use of gasoline gas, in apparatus such as is described in the permission, it is usual to store the gasoline in the gasometer (probably intending to say "generator"); and this was the only evidence upon the subject, other than that arising from the nature and necessities of the use. The defendant requested the court to direct a verdict for the defendant, on the ground that drawing the oil after daylight was gone, by

artificial light, avoided the policy, and to charge the jury that the plaintiff was not entitled to recover if benzine was there, and increased the risk. The court, not complying with these requests, charged the jury that if the benzine was there, and was procured and placed there by Walker in the course of his business of managing the hotel for his wife, to whom the plaintiff had committed the use of the premises, and storing it there in the oil room would not be within what would be understood and expected to be done in the exercise of the privilege to use gasoline, granted, the plaintiff would not be entitled to recover; but that if the benzine was not there, or was placed there by Walker without the plaintiff's knowledge, for some outside purpose, not connected with the management of the hotel, nor within his authority as agent of his wife for that purpose, or if it was to be understood and expected from the permission that the gasoline or benzine might be stored in the oil room, in the usual place for storing such things, and it was so stored there, the plaintiff would be entitled to recover. The defendant excepted to each of these rulings, and after verdict, and before judgment, moved for a new trial on account of them, and the cause has now been heard upon this motion.

Defenses on account of breaches of conditions in such policies should, according to the general principles of pleading at law, be specially pleaded and set forth. Wood, Ins. §§ 194, 495. This was the rule at common law, as to conditions of penal bonds; and this mode of pleading seems to be especially requisite in proceedings under the Code, such as those in this case are. It is said in argument that the general allegation that the conditions were broken, in connection with the setting forth of the conditions, was a sufficient compliance with the requirement, and that the introduction of the evidence without objection was a sufficient waiver of it. The first of these propositions would seem to be more sound if the pleader had stopped when he had set out the conditions and stated generally their breach; but he did not do this. After stating the conditions, and that they were broken, he went on and specified the particulars in which they were broken, leaving out drawing oil by other than daylight. This would be misleading if that breach was to be relied upon. As it was, the court got no idea at all that such breach was to be relied upon until the request to direct a verdict on account of it was made. The evidence in respect to it did go in without objection, and, had there been no other ground for its admission, that fact would be deemed a waiver of any more full pleading on this ground; but there were other grounds. The plaintiff was required to prove the loss, and this involved proving the circumstances of the fire; and the proof on this subject went in as a part of those circumstances. There was no opportunity for the plaintiff to object on the ground that it was proving this defense not pleaded, and the failure to object on that ground could be no waiver of it.

The request to charge as to increase of risk by the presence of benzine became immaterial in view of the charge upon other points; or, rather, if the charge was correct otherwise, it was more favorable than the request on this subject. The charge as given made the

mere presence of the benzine a defense, unless it was there within the permission or by the act of a quasi trespasser. A charge according to this request would only have made its presence, if it increased the risk, a defense with the same qualifications. This part of the charge, where it differs from this request, could have done no wrong to the defendant.

As the jury were, by the charge, left to find a verdict for the plaintiff if they should find either that Walker put the benzine into the oil room on his own account, outside of the carrying on of the hotel, or that having it there was within the permission, the verdict rests upon the soundness of both of these propositions. The act of Walker would not avoid the policy unless it can be said to have been in some way done under or by authority from the plaintiff; and then only unless it was such an act as, if done by the plaintiff, would avoid the policy. Mere imprudence or negligence of either would not have that effect. Wood, Ins. § 101. So, the mere having the benzine there, and drawing it by artificial light, without a prohibitory clause in the policy, would not, unless done with such recklessness as to show an intent to destroy or to willfully expose to destruction, of which there was no evidence. Chandler v. Insurance Co., 3 Cush. 328. They would not, unless these things would avoid the policy, because, by its terms, it was agreed that they should avoid it. The conditions relied upon commence by providing that if the risk should be increased by any means within the control of the assured, and continue by providing that if the assured shall keep so and so, the policy shall be void; showing that the acts stipulated against are the acts of the assured. In the last clause those words are not inserted, but as the language is that of the company, and in these cases is to be taken most strongly against it, and in favor of the assured, they may well be considered as carried forward by intention into the other clause. Wood, Ins. § 57. It is hardly to be supposed that the keeping of benzine, mentioned in one clause, was understood to be any different keeping from that mentioned in a previous clause. In this view, the act of Walker entirely outside of the authority of the plaintiff, and of any occupation of the premises under the plaintiff, could not, in any sense, be justly said to be done by the assured. Beyond this, if the last clause was to stand by itself, on its own language, there would remain the question whether such an act as the jury may have found Walker's to be was not an act insured against. No one would probably contend but that it would have been if done by a stranger and trespasser; and probably no one would contend but that the act would have been insured against if Walker had willfully fired the property, nor but that it would if he had brought the benzine there as a means to fire it with. These acts would have been so because, although he was there, and doing some things under authority derived from or under the plaintiff, they would be done in violation of authority, and against his right. They would have caused a loss that he was not responsible for, and against which he was insured. Walker's authority there was included in running the hotel, and, when he got outside of that, he was outside of what the

plaintiff was responsible for; and what he did outside of that was wrongful as to the plaintiff, and included in that against which the plaintiff was insured, and not in that which he agreed with the defendant to prevent.

The privilege to use gasoline gas was without limitation or restriction, except as to location of the apparatus and the employment of heat in the process. The defendant argues for a construction of it the same, in effect, as if it was a privilege to use gasoline only in the apparatus mentioned; but that is not the language. The privilege is to use that gas, and the location of the apparatus for making it only is fixed. The gas could not be made without gasoline or benzine, and the privilege to make it would necessarily include the presence of the things of which it must be made; and these things must be brought to the premises somehow, and kept somewhere for use as wanted, and therefore it would include the necessary bringing and storing. The privilege was broader than the literal import of the words, but how much broader could not be determined as a matter of law. The question was one of fact, to be determined upon the circumstances and necessities of the case. The defendant's evidence went to show that the apparatus was the place in which the material should be stored. This was proper evidence, and the propriety of it showed that there was a question of fact on which it might have weight, and this question could only be as to whether the material should be stored in the apparatus or elsewhere, and also that there was something in the case which might be weighed on the other side of the question, and which this testimony was to meet. If the material was to be stored elsewhere, the proper place where would also involve a question of fact, to be determined by the jury; and, if it was within the privilege to store it elsewhere, then the defendant took the risk of the premises, when it might be so stored, with it there. This risk would be no greater or different whether it was stored there for use in the apparatus, or for use in some other mode on the premises, or not to be used on the premises at all. Other use on the premises might be prohibited, but, if the prohibited use was not made, the keeping for such use would not vitiate the policy if the keeping it was not prohibited. This case, in this aspect, is like Insurance Co. v. McLaughlin, 53 Pa. St. 485, where the policy granted the privilege of keeping not more than five barrels of benzole in a small shed entirely detached from all the other buildings, situated on the rear end of the lot, about 100 feet from the main building, and nowhere else on said premises. The buildings insured were a patent leather manufactory. Benzole was used in the manufacture, and a workman carried a bucket containing three or four gallons of it into the middle of a room in the factory, and set it down there, and turned away from it; and it took fire from an unknown cause, and communicated the fire to the building, which was consumed, and this was the loss in controversy. The jury found that this was one of the risks covered by the policy, and the insured recovered for the loss. In the case under consideration there seemed to be no way but to submit the question as to the extent of the risk taken

by this clause, and whether it covered the benzine in the oil room, to the jury, as was done. The motion for a new trial is overruled, and judgment for the plaintiff on the verdict is ordered.