WHEELER *v.* TRADERS' INSURANCE CO.

The stipulation in a policy of insurance, that " if the assured shall keep or use . . . petroleum, naphtha, gasoline, benzine, benzole, or benzine varnish, or keep or use camphene, spirit gas, or any burning fluid, or chemical oils, without written permission in this policy, then and in every such case this policy is void, and all insurance thereunder shall immediately cease and determine," is a part of the contract of insurance, and the use by the assured of naphtha or benzine, on the insured premises, not recognized by the insurer as a reasonably necessary incident of the business, nor by custom, and not in small quantities for a special purpose not dangerous, avoids the policy, and operates as a forfeiture of the insurance.

MOTION, for rehearing *Wheeler* v. *Insurance Co.*, *p.* 326, *ante*, where the facts are stated.

*Marston & Eastman* and *J. S. H. Frink*, for the plaintiff.

*S. C. Eastman*, for the defendants.

ALLEN, J.   The stipulation in the policy, that "if the assured shall keep or use   .   .   .   petroleum, naphtha, gasoline, benzine, benzole, or benzine varnish, or keep or use camphene, spirit gas, or any burning fluid or chemical oils without written permission in this policy, then and in every such case this policy is void, and all insurance thereunder shall immediately cease and determine," was a part of the contract of insurance entered into by the plaintiff with the defendants, without any apparent mistake, deception, or fraud.   The plaintiff expressly agreed that a violation of the condition should, of itself, be a forfeiture of all insurance under the policy.   Having voluntarily entered into the contract thus restricted, the plaintiff cannot reasonably complain of the enforcement of the forfeiture for a violation of the condition.   *Mead* v. *N. W. Ins. Co.*, 7 N. Y. 530; *Lee* v. *Howard Ins. Co.*, 3 Gray 583; *Kelly* v. *Home Ins. Co.*, 97 Mass. 288.

There is no ambiguity in the meaning of the words used, or the sense in which they were employed, by which the plaintiff might have the benefit of a doubt.   *Smith* v. *Ins. Co.*, 32 N. Y. 399. The contract must be interpreted and the terms used must be defined in the light of the mischief intended to be avoided by the restriction.   The prohibition of the keeping or use for any purpose, or for any measurable time, of an article so inviting to fire as that described in the case, was a reasonable prohibition, the violation of which, in any degree and for any time, would expose the insured premises to an extreme degree of danger; and to give the restrictive clause in the policy a construction which would permit the introduction into the premises of naphtha or benzine, and its use there for any dangerous purpose for any time, would be a practical nullification of that part of the contract.   If it could be said that merely "keeping" it, not for sale, nor for any general use in the business of manufacturing, but for temporary storage, could not be within the prohibition intended by the parties to the contract, certainly the "use" made of it was one subject to the prohibition of the use of an article hazardous to an extraordinary degree, if the use of any combustible material ever could be.

The cases in which a disregard of the prohibition of keeping or using extraordinarily hazardous articles has not been held to work a forfeiture of the policy are those where the use made was one incident to the business of the insured, adopted from necessity or custom, and recognized by the insurer, so that a waiver of the prohibitory clause followed.   Such cases are,— *Carlin* v. *Assurance Co.*, 57 Md. 515, in which the prohibited oil was, at the time of the insurance, known by the insurers to be commonly used by the insured to lubricate machinery; *Buchanan* v. *Ins. Co.*, 61 N. Y. 26, where the oil was known to be commonly used for illuminating purposes; and *Whitmarsh* v. *Ins. Co.*, 16 Gray 359, in which the inhibited article was known to be usually kept and dealt with as a part of a stock of goods in a country store insured.   The use by the plaintiff

of the benzine or naphtha did not come within the doctrine of any of these cases, nor was it a use in a small quantity as a medicine, or for other special and not dangerous purpose, as in *Williams* v. *Ins. Co.*, 54 N. Y. 569.

The plaintiff claims that the policy was not forfeited by the use of the naphtha, because the use was not habitual, but temporary, and confined to a single occasion.   The cases relied on as authority for this position are cases, for the most part, where there was no express stipulation or warranty against the use of the particular dangerous article or material in question, but only a prohibition in general terms of keeping hazardous things on the premises or of carrying on a different or more dangerous trade.   *Dobson* v. *Sotheby*, M. & M. 90; *Shaw* v. *Robberds*, 6 A. & E. 76.   But where there is a stipulation that the policy shall be avoided on the use of an article expressly named, and there is nothing in the policy from which a permission to use the article, in a partial, limited, or temporary way, can be inferred, full effect has usually been given to the prohibitive clause by a forfeiture of the policy for its violation.   *Glen* v. *Lewis,* 8 Exch. 607; *Faulkner* v. *Central Ins. Co.*, 1 Kerr, N. B., 279; *Worcester* v. *Ins. Co.*, 9 Gray 27; *Matson* v. *Ins. Co.*, 73 N. Y. 310; *Birmingham Ins. Co.* v. *Kroegher*, 83 Pa. St. 64; *Cerf* v. *Home Ins. Co.*, 44 Cal. 320.

No reason has been suggested by the plaintiff why the restrictive clause in the policy of insurance in this case should receive a construction by rules different from those applied to ordinary business contracts.   The terms of the prohibitive clause are simple, well known, and in common use.   There is nothing ambiguous about them, and there can be no doubt as to their meaning.   The stipulation was a plain, unqualified agreement that the policy should be forfeited if naphtha were used in the premises insured.   It was a reasonable restriction against the use of a very dangerous and combustible material; and a construction which would uphold the policy, in spite of a plainly hazardous use of any substantial quantity of so dangerous a fluid on the premises, for any substantial time, would defeat the object for which the restriction was made.

*Motion denied.*

CARPENTER, J., did not sit: the others concurred.