JULIO G. CONESA, Plaintiff and Appellant, *v.* NIAGARA FIRE INSURANCE Co., Defendant and Appellee.

No. 3954. Argued November 17, 1926.—Decided January 26, 1927.

*Antonio Suliveras* for the appellant. *R. V. Pérez Marchand* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

This is an action to recover the sum of $1,500 under a

fire insurance policy on a certain house belonging to the plaintiff.

Defendant issued on May 12, 1923, in favor of plaintiff and for a year, a standard policy, and among other conditions it contained the following:

"Clause 7.—If during the life of this policy there should take place any or several of the modifications set forth in this clause, the insured 'shall not be entitled to any compensation for the objects which have thus been modified, unless he has prior to the accident secured the written consent for such modifications set down in the policy by the company or its authorized agents.

"(a) Changes or modifications in the businesses or industries carried on in the buildings insured or containing the insured articles; any change or modification in the use or occupation of said buildings or in their essential conditions which might increase the fire risks."

It was also a condition of the policy that the insured house should be used as a dwelling-house.

On the 12th of June, 1923, the insured house was totally destroyed by fire while rented to Fernando Malpica. On the night of the fire it was found that certain commercial articles had been stored in said house, consisting of cigarettes, candies and matches. This last article seems to have been plentiful, for on the day after the fire a light explosion was heard and the fire started again, owing undoubtedly to the accumulation of this article in some part of the house.

Plaintiff testified that on the day after the fire he went to see his house and to his surprise found there some of the articles mentioned. He admitted that his house had been used for a different purpose than that covered by the policy; but he laid much emphasis on his statements to the effect that such a thing had been done by the tenant without his knowledge. This is the main point relied on by the appellant in his allegation that he can not be adversely affected by the provisions of clause 7 of his policy and have his claim rendered void. However, it has been held that failure to comply with any of the conditions of clause 7, and that such

170

prohibited use be made without the knowledge or consent of the insured, imputing such fact to a third party in possession of the immovable, voids a policy just as if the change or modification of the use or occupation of the building had been made by the insured himself.

The case of *Edwards* v. *Farmer's Mut. Ins. Assoc.* (128 Ga. 353, 57 S. E. 707), reported in 12 L.R.A. (N. S.) 484, supporting this theory, contains a very important note regarding breach by the tenant of conditions thus stipulated in fire insurance policies. Authorities are cited and the doctrine is summed up as follows:

"Where the provision of a fire insurance policy, avoiding the same if certain conditions are not complied with, is couched in absolute and unqualified language, the authorities are almost unanimously in accord with the above decision in holding the violation of any such conditions by a tenant of the assured to be a violation by the assured himself. Thus, in *Liverpool & L. & G. Ins. Co.* v. *Gunther*, 116 U. S. 113, 29 L. ed. 575, 6 Sup. Ct. Rep. 306, Reversing 20 Blatchf. 362, 85 Fed. 846, in which the policy in suit stipulated for its avoidance if the assured should keep or use upon the insured premises certain articles, and this prohibition was unconditional and unlimited, it was held that a violation by anyone permitted by the assured to occupy the premises was a violation by the assured himself.

"And in *Kelly* v. *Worcester Mut. F. Ins. Co.* 97 Mass. 284, in which the policy sued on provided for its avoidance if the insured premises were occupied or used for unlawful purposes, which provision stopped there and added no qualifying words, it was held that the policy was avoided by the insured's tenant storing barrels of intoxicating liquors in the building with intent to sell the same in violation of law. The court said that this use of the building for an unlawful purpose by the tenant, even if unknown to the owner, avoided his policy by its very terms, the manifest object of which was to define certain risks which the insurers would not assume, without regard to the question whether they arose or existed by the act, or with the knowledge of the assured."

Appellant, on the other hand, insists that in any case clause 7 of the policy had no force because it barred the insured

from claiming the amount of the loss suffered, in opposition to section 175 of Act No. 66 of July 16, 1921, entitled "An Act Providing for the Incorporation of Domestic Insurance Companies, etc." Said section reads as follows:

"Any clause in an insurance contract depriving the insured of his right to claim in the courts of justice, at any time after the occurrence of the accident against which the insurance was made, the amount of any loss suffered and which has been the object of such insurance, shall be illegal. The court shall determine not only the liability of the company but also the amount of the loss."

The law on the contract between insurer and insured is the policy which contains the clauses and conditions establishing their mutual rights and obligations. Clause 7 of the policy is a clause of continuous liability and it can not be changed by the insured without the written consent of the appellee. The terms of the clause are clear and express and were accepted by the appellant. It did not prevent him from bringing before the courts a claim for any loss suffered. Failure to comply therewith in the manner disclosed by the facts subsequent to the date of the contract has avoided such claim. If the appellant had kept within the conditions established in the policy it would not have been necessary for him to bring this action.

The judgment appealed from must be affirmed.

Mr. Justice Hutchison took no part in the decision of this case.