JULIO G. CONESA, demandante y apelante, *v.* THE NIAGARA FIRE INSURANCE Co., demandada y apelada.

No. 3954.—*Visto:* Noviembre 17, 1926. *Resuelto:* Enero 26, 1927.

1. SEGUROS—PÉRDIDA DE DERECHOS BAJO UNA PÓLIZA POR QUEBRANTAMIENTO DE GARANTÍA, ESTIPULACIÓN O CONDICIÓN SUBSIGUIENTE—CUESTIONES RELATIVAS A LA PROPIEDAD O INTERES ASEGURADO—CAMBIOS O MODIFICACIONES EN EL DESTINO O USO DE LA PROPIEDAD—POR EL ARRENDATARIO Y EFECTO.—Una infracción, por un arrendatario, de la cláusula—en póliza de seguro—relativa a qué cambios o modificaciones en el destino o uso del edificio asegurado no dará derecho a indemnización, equivale a una infracción por parte del asegurado aún cuando el cambio o modificación en el destino o uso de la cosa asegurada se haya hecho sin su conocimiento y consentimiento.

2. SEGUROS—DEL CONTRATO EN GENERAL—NATURALEZA, REQUISITOS Y VALIDEZ—VALIDEZ DEL CONTRATO—CLÁUSULAS QUE IMPIDEN EL DERECHO DE RECLAMAR ANTE LOS TRIBUNALES.—Una cláusula—en póliza de seguro—que no impide al asegurado recurrir a los tribunales a reclamar las pérdidas sufridas, sino que su violación por el asegurado hace ineficaz su reclamación, no cabe sostenerla como ineficaz y nula bajo el artículo 175 de la Ley No. 66 de 1921 (p. 649).

SENTENCIA de *R. Díaz Cintrón*, J. (Ponce), declarando sin lugar la demanda, sin costas. *Confirmada.*

*Antonio Suliveres,* abogado del apelante; *R. V. Pérez Marchand,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

Esta es una acción para recobrar la suma de $1,500 procedente de un contrato de seguro contra incendio de cierta casa propiedad del demandante.

[1] La demandada en mayo 12, 1923, expidió a favor del demandante y por el término de un año una póliza de

tipo *"standard,"* conteniendo entre otras condiciones la siguiente:

"Art. 7.—Si, en el curso del contrato, sobrevienen una o varias de las modificaciones consignadas en el presente artículo, el asegurado no tendrá derecho a ninguna indemnización sobre los objetos que hayan sufrido estas modificaciones, a no ser que, anteriormente al siniestro, haya obtenido el consentimiento escrito para dichos cambios, consignado en la póliza por la Compañía o por sus representantes apoderados.

"(a) Cambios o modificaciones en el comercio o en la industria ejercitados en los edificios asegurados o que contengan los objetos asegurados; cambios o modificaciones cualesquiera de destino o de utilización de dichos edificios o de sus condiciones especiales, pudiendo aumentar los peligros de incendio."

Era también condición de la póliza que la casa asegurada se destinara a "vivienda."

En Junio 12, 1923, la casa asegurada fué destruída totalmente por un incendio, estando arrendada a Fernando Malpica. La noche del incendio se encontró en la casa en que se habían almacenado ciertos artículos de comercio consistentes en cajas de cigarrillos, dulces, y cajas de fósforos. Esto último pareció estar en abundancia, pues al día siguiente del siniestro se sintió una ligera explosión, renovándose el incendio a causa sin duda de la acumulación de ese artículo en algún sitio de la casa.

El demandante declaró que al otro día del incendio fué a ver su casa y con sorpresa para él pudo encontrar allí de los artículos mencionados. Reconoció que su casa había sido destinada a uso distinto no cubierto por la póliza, pero hizo mucho énfasis en sus manifestaciones de que tal cosa se había hecho por el inquilino sin su conocimiento. Este es el punto principal en que se apoya el apelante para sostener que no puede perjudicarle la disposición del artículo 7 de la póliza y hacer ineficaz su reclamación. Se ha considerado, sin embargo, que el hecho que se falte a una condición como la que establece el artículo 7 y que el prohibido

uso se haga sin el conocimiento o consentimiento del asegurado, imputándose el acto a un tercero en posesión del inmueble, hace nula la póliza lo mismo que si el cambio o la modificación del uso o destino del edificio se hubiera hecho por el mismo asegurado.

El caso de *Edwards* v. *Farmer's Mut. Ins. Assoc.* (128 Ga. 353, 57 S. E. 707), reportado en 12 L.R.A. (N .S.) 484, que sostiene esta teoría, contiene una nota muy importante sobre el efecto del incumplimiento por un arrendatario de condiciones así estipuladas en las pólizas de seguro contra incendio, en la que se ·citan las autoridades y se resume la doctrina, diciéndose:

"Cuando una disposición de una póliza de seguro, declarando que la misma será nula si no se cumple con ciertas condiciones, es redactada en lenguaje claro y preciso, las autoridades están casi unánimemente de acuerdo con la decisión antes citada en el sentido de que la infracción de cualquiera de tales condiciones por un arrendatario del asegurado equivale a una infracción por el asegurado mismo. Siguiendo esa doctrina en el caso de Liverpool & L. & G. Ins. Co. v. Gunther, 116 U. S. 113, 29 L. ed. 575, 6 Sup. Ct. Rep. 306, Revocando 20 Blatchf. 362, 85 Fed. 846, en el cual la póliza en cuestión estipulaba que sería nula si el asegurado mantenía o usaba en la propiedad asegurada ciertos artículos, siendo esta disposición incondicional e ilimitada, se resolvió que una infracción por parte de cualquier persona que el asegurado permitiera que ocupara la propiedad equivalía a una infracción por parte del asegurado mismo.

"Y en el caso de Kelly v. Worcester Mut. F. Ins. Co., 97 Mass. 284, en el cual la póliza sobre la cual se pedía indemnización dispo·· nía que sería nula si la propiedad asegurada era ocupada o utilizada para fines ilegales, disposición que terminaba ahí y que no contenía palabras restrictivas, se resolvió que la póliza fué anulada por haber el arrendatario del asegurado almacenado barriles de bebidas embriagantes en el edificio con intención de venderlas en violación de la ley. La corte dijo que este uso del edificio para un fin ilegal por parte del arrendatario, aun si el dueño no tenía conocimiento de ello, anulaba la póliza de acuerdo con sus propios términos, el

objeto manifiesto de la cual era definir ciertos riesgos que los asegu-
radores no querían asumir sin tener en cuenta si tales riesgos surgían o existían del acto, o con conocimiento del asegurado.

"  *  *  *  *  *  *  *  "

[2] Insiste por otro lado el apelante que en todo caso el artículo 7 de la póliza no tendría valor alguno porque impide al asegurado reclamar el importe de la pérdida sufrida en contravención de lo que dispone el artículo 175 de la Ley No. 66 de julio 16, 1921 (p. 523), titulada "Ley proveyendo lo necesario para la incorporación de las compañías de seguros, etc." Dicho artículo dice:

"Será ilegal toda cláusula en un contrato de seguro que impida al asegurado el derecho de reclamar en los tribunales de justicia, en cualquier momento después de ocurrido el accidente contra el cual se hizo el seguro, el importe de cualquier pérdida sufrida y que hubiere sido objeto de dicho seguro. El tribunal determinará no sólo la responsabilidad de la compañía, sino también el alcance de la pérdida."

La ley del contrato entre asegurador y asegurado es la póliza que contiene las cláusulas o condiciones que determinarán sus mutuos derechos y obligaciones. El artículo 7 de la póliza es una cláusula de responsabilidad continua sin derecho a ser variada por el asegurado a menos que se obtuviera el consentimiento escrito de la apelada. Los términos de la cláusula son claros, expresos y fué aceptada por el apelante. Ella no le impedía recurrir a los tribunales a reclamar las pérdidas sufridas. Su violación en la forma que expresan los hechos subsiguientes a la fecha del contrato es la que ha hecho ineficaz tal reclamación. Si el apelante se hubiera mantenido dentro de las condiciones que establecía la póliza, seguramente que no hubiera tenido necesidad de entablar este pleito.

*Por todo lo cual, debe confirmarse la sentencia apelada.*
El Juez Asociado Señor Hutchison no intervino.