ANTONIO BUONANNO *et ux vs.* SPRINGFIELD FIRE & MARINE INSURANCE CO.

JUNE 20, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Hahn, JJ.

RATHBUN, J. This is an action in assumpsit on two fire insurance policies. The case is here on plaintiffs' exception to a ruling directing a verdict for the defendant and on their exception to the denial of their motion for a direction of a verdict in their favor.

The property insured was a dwelling house occupied by the plaintiff's son. At the time of the fire, and apparently for a considerable length of time previous thereto, a three-hundred-gallon still, extending from cellar to attic, was in operation in the house, and several hundred gallons of alcohol were stored therein. It does not appear that the fire was caused by the still, and the plaintiffs testified that before the fire they had no knowledge that the son was operating a still within the house.

The form of the rider on the two policies was the same except as to the number of the policy and amount of insurance. One of the policies contains language as follows: "The following, subject to the conditions and provisions printed hereon, is attached to and forms part of Policy No. 6143 of the Springfield Fire & Marine Insurance Company . . . $2,500. On the frame building . . . while used for dwelling purposes only . . ." It is clear that the building covered by the policy was not at the time of the fire being "used for dwelling purposes only."

Clause 6, Sec. 4, Chap. 258, G. L. 1923, provides that an insurance company may write or print upon separate slips or riders to be attached to the policy provisions adding to or modifying those contained in the standard form. Acting in accordance with this provision, the defendant agreed to insure the plaintiffs for a period of five years on condition that the insured building be used for dwelling purposes only. The agreement of the parties was that the insurance be effective only so long as the building was used for dwelling purposes only. Such being the agreement, it is immaterial that the plaintiffs were unaware, if such was the fact, of the change in use of the property. Couch on Insurance, § 960c; *Liverpool & London Ins. Co.* v. *Gunther*, 116 U. S. 113; *Gunther* v. *Liverpool Ins. Co.*, 134 U. S. 110; *Wheeler* v. *Traders' Ins. Co.*, 62 N. H. 326; *Kelly* v. *Worcester Mutual Fire Ins. Co.*, 97 Mass. 284; *Matson* v. *Farm Buildings Ins. Co.*, 73 N. Y. 310.

The plaintiffs urge that they had no control over the part of the premises where the still was located and call attention to another clause in the policy as follows: "Warranty Endorsements: This policy shall not be affected by failure of the insured to comply with any of the warranties endorsed hereon in any portion of the premises over which the insured has no control."

Without considering the question whether, under the above provision, the landlord is deemed to have any control of a building in possession of his tenant, it is sufficient to repeat that the parties made a conditional agreement. A condition as to liability may be a warranty, but it is also a condition which is a stronger weapon of defense than mere warranty, and it is immaterial whether the breach of condition increased the hazard.

All the plaintiffs' exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict as directed.

*Knauer & Fowler, Luigi De Pasquale*, for plaintiffs.
*Daniel T. Hagan*, for defendant.