THOMAS F. KELLY *vs.* HOME INSURANCE COMPANY.
SAME *vs.* CROTON INSURANCE COMPANY.

A policy of insurance against loss by fire on intoxicating liquors kept by the assured for sale in violation of Gen. Sts. *c.* 86, is void as to him.

CHAPMAN, J. Both of the policies on which these actions are brought insure the plaintiff on his stock of liquors and casks in a certain building in Southborough, occupied as a liquor store and private stable.

It appears that the stock consisted of nineteen barrels of whiskey; and at the time of the insurance, and thereafter to the time of the loss, it was intended for sale in this Commonwealth. At various times after the insurance was made, the plaintiff did sell to various individuals quantities of the whiskey, varying from one glass to two gallons, without license or authority. The insurance was made March 3, 1866, and the loss occurred May 7, 1866. It thus appears that the property was kept for sale illegally in violation of Gen. Sts. *c.* 86. It was liable to be seized and confiscated as a nuisance, and the place where it was kept was made a nuisance by the plaintiff's intent to sell it illegally. By thus keeping it, and also by thus selling it, the plaintiff committed an offence which was punishable by fine and imprisonment. The defendants contend that a contract to insure such property, thus kept, is void, because it is in contravention of the policy of the law. It was so ruled in the superior court, and the plaintiff alleged exceptions.

The general rule of law on this subject is stated in *Boardman* v. *Merrimack Insurance Co.* 8 Cush. 583. " When the direct pur pose of the contract is to effect, advance or encourage acts in violation of law, it is void. But if the contract sought to be enforced is collateral and independent, though in some measure connected with the acts done in violation of law, the contract is not void." No cases have been cited in which this test has been applied to contracts of insurance against fire, but its application to marine insurance is wel' settled. In marine insurance there

is held to be an implied stipulation that the voyage shall be conducted legally, in reference to the laws of the country where the vessel belongs. 1 Phil. Ins. (5th ed.) § 736. And Phillips states as a general principle that a contract of indemnity is void if incurring the risk or permitting indemnity against it is in contravention of the provisions or obvious policy of the law. Ib. § 906. See also 1 Arnould on Ins., part 2, *c. 5.* Chancellor Kent thus states the general doctrine: " An insurance on a voyage undertaken in violation of a blockade, or of an embargo, or of the provisions of a treaty, is illegal, whether the policy be on the ship, freight or goods embarked in the illegal traffic. An insurance on property intended to be imported or exported contrary to the law of the place where the policy is made or sought to be enforced, is void. The illegality of the voyage in all cases avoids the policy, and the voyage is always illegal when the goods or trade are prohibited, or the mode of its prosecution violates the provisions of a statute." 3 Kent Com. (6th ed.) 262.

This court has held that when the government prohibits trade with a foreign country or port, for any cause whatever, a voyage to that country or port is illicit, and all insurances on such voyages are void, whether the assurers had or had not knowledge of the prohibition. The reason is that the law will not give effect to a contract made to protect a traffic which it has prohibited. *Richardson* v. *Marine Insurance Co.* 6 Mass. 111. See also *Breed* v. *Eaton,* 10 Mass. 21.

The case of *Cunard* v. *Hyde,* 2 El. & El. 1, was an action upon a policy on a cargo to be shipped from Miramichi, a port in Canada, to a port in the United Kingdom. The defence was that by the customs consolidation act, before any clearing officer permits a ship, wholly or partly laden with timber, to clear out from any port in North America or Honduras after September 1, or before May 1, in any year, he shall ascertain that the whole cargo is below deck, and give the master a certificate to that effect; and the master shall not allow any part of the cargo to oe upon deck, or sail without such certificate, under penalty of £100. It was held that as part of the cargo was loaded upon

deck with the previous knowledge of the assured, in violation
of this act, the voyage was so far illegal that the insurance upon
the cargo was void, though the terms of the act applied the pro-
hibition and the penalty to the master only, and did not declare
the voyage illegal. It had been decided, the previous year (1858),
in *Cunard* v. *Hyde*, El. Bl. & El. 670, that such an insurance
would not be void as against the assured unless he was privy to
the illegal act of the master. These cases were affirmed in
*Wilson* v. *Rankin*, 34 L. J. (N. S.) Q. B. 62, and *S. C.* in
Exch. Ch. 35 L. J. (N. S.) Q. B. 87. Thus it appears that
the law will not enforce a contract for the insurance of goods
against the perils of the sea, if, with the knowledge of the as-
sured, they are carried on deck, contrary to the provisions of a
statute which requires the captain to carry them below deck,
and subjects him to a penalty for the offence.

The principles above stated are fully recognized in *Clark* v.
*Protection Insurance Co.* 1 Story, 109, and were applied to a
time policy. The defence in that case rested on the ground that
the voyage from Waldoborough, Maine, to New Orleans, and
thence to Liverpool, was illegal, because the captain took on
board at New Orleans a chain cable which had been smuggled
into the United States in another vessel, by the procurement of
the captain, for the purpose of being used on this voyage. But
the offence of the captain in respect to the smuggling was con-
nected with the other vessel; and taking on board and carrying
an article which had been smuggled in another voyage was not
an offence against our revenue laws. Therefore the voyage was
not illegal. The cable was liable to seizure, and it was held
that if from this cause the vessel had been subject to loss by de-
tention, the insurance would have been void as to such loss; but
as the loss was caused by the perils of the sea on the voyage to
Liverpool, the insurance was held to be valid. But it was af-
firmed by the court, among other things, that if a voyage at its
inception is founded on any illegality, in which only one of the
owners participates, it is utterly void as to all, and that a stat-
ute imposing a penalty imports a prohibition, and makes the
prohibited act illegal.

The same principle upon which it is held that goods which are carried for an illegal purpose, or in an illegal manner, cannot be the subject of a valid insurance against the perils of the sea, applies, with at least equal force, to an insurance against fire upon goods which are so unlawfully kept in a store that the owner is liable to fine and imprisonment, the store made a nuisance, and the goods subject to seizure and forfeiture. In the present case, the insured was the guilty party; and his direct purpose in taking the policies was that he might continue his offence with the greater safety. His contract was in contravention of law, and void as to him, because he entered into it in order to protect himself in his illegal acts.

*Exceptions overruled.*

*T. G. Kent,* for the plaintiff, besides cases cited in the opinion of the court, cited *Armstrong* v. *Toler,* 11 Wheat. 271; *Warren* v. *Manufacturers' Insurance Co.* 13 Pick. 522; 1 Phil. Ins. (5th ed.) § 221, and cases there cited.

*G. F. Hoar & S. Utley,* for the defendants, besides cases cited in the opinion of the court, cited *Wilson* v. *Marryatt,* 8 T. R. 31; *Bird* v. *Appleton,* Ib. 562; *Collins* v. *Blantern,* 2 Wils. 341, and 1 Smith Lead. Cas. 154; 1 Phil. Ins. (5th ed.) § 1043; *Jones* v. *Randall,* Cowp. 39; *Bryan* v. *Lewis,* Ry. & Mood. 386; *Cannan* v. *Bryce,* 3 B. & Ald. 179; *McKinnell* v. *Robinson,* 3 M. & W. 434; *Lightfoot* v. *Tenant,* 1 Bos. & Pul. 551, 556; *Langton* v. *Hughes,* 1 M. & S. 593; *De Begnis* v. *Armistead,* 10 Bing. 107; Story Confl. Laws, §§ 244–247; *Territt* v. *Bartlett,* 21 Verm. 184; *Russell* v. *Degrand,* 15 Mass. 35; *Webster* v. *Munger,* 8 Gray, 584; *King* v. *McEvoy,* 4 Allen, 110; *Bligh* v. *James,* 5 Allen, 106.