HENRY K. JOHNSON & another *vs.* UNION MARINE & FIRE INSURANCE COMPANY.

Suffolk.   March 18, 1878. — October 25, 1879.

In an action on a policy of insurance issued to A. and B. as copartners, against loss by fire, "$900 on three billiard tables, balls and cues; $500 on bar and saloon fixtures, furniture and pictures; $100 on stock in trade, chiefly liquors and cigars, including glass and other wares contained in frame building," it was admitted that, when the policy was issued, the billiard tables, balls and cues were kept without license, for the purpose of playing at billiards, in violation of the Gen. Sts. *c.* 88, § 70; that the liquors were owned and kept by both plaintiffs, although *only one of them* had a license under the St. of 1875, *c.* 99; and that the fixtures, furniture and pictures were used by way of furnishing and adorning the room occupied by them as a billiard saloon and bar-room. *Held,* that the policy never attached.

If a person is engaged in the unlawful business of selling intoxicating liquors without a license at the time of the making and acceptance of a policy of insurance on his stock in trade, and for a month afterwards, the policy does not attach, although he made an application for a license immediately after he began such business.

CONTRACT upon a policy of insurance against loss by fire, issued by the defendant to the plaintiffs as copartners under the firm name of Johnson & Lee, for one year from September 7, 1875, as follows: "$900 on three billiard tables, balls and cues; $500 on bar and saloon fixtures, furniture and pictures; $100 on stock in trade, chiefly liquors and cigars, including glass and other wares contained in frame building known as the Franklin Billiard Hall, in Quincy, Mass."

At the trial in the Superior Court, before *Dewey,* J., it was admitted that, on October 13, 1875, the property insured was totally destroyed by fire, and proof of loss duly made; that the

insured premises were occupied by the plaintiffs as a billiard saloon and bar-room; that the liquors were kept for sale by them; that the furniture and pictures were such as would usually form the furniture and adornments of such a room, and were used by the plaintiffs for those purposes; that a license in due form, under the St. of 1875, *c.* 99, had previously been issued to the first-named plaintiff " doing business at Franklin Hall, to sell, or expose, or keep for sale until May 1, 1876, spirituous or intoxicating liquors to be drunk on the premises;" that no other license had been granted, nor had either of the plaintiffs any license to keep a billiard table for hire, gain or reward under the Gen. Sts. *c.* 88, § 69; and that the billiard tables mentioned in the policy were kept in a building occupied by the plaintiffs for the purpose of playing at billiards for hire, gain or reward.

Upon these facts, the judge ruled that the plaintiffs could not recover; the jury returned a verdict for the defendant; and the plaintiffs alleged exceptions.

*T. P. Proctor & W. W. Warren,* (*H. R. Brigham* with them,) for the plaintiffs.

*G. W. Morse,* for the defendant.

GRAY, C. J. It being admitted that, when the defendant made this policy to the plaintiffs, the billiard tables, balls and cues were kept by the plaintiffs, without license, for the purpose of playing at billiards for hire, gain or reward, in violation of the Gen. Sts. *c.* 88, § 70; that the intoxicating liquors were owned and kept for sale by both plaintiffs, although only one of them had a license under the St. of 1875, *c.* 99; and that the fixtures, furniture and pictures were used by the plaintiffs by way of furnishing and adorning the room occupied by them as a billiard saloon and as a bar-room; the case is governed by the decision of this court in *Kelly* v. *Home Ins. Co.* 97 Mass. 288. The grounds on which that decision was placed were that the object of the assured in obtaining the policy was to make their illegal business safe and profitable, and that, the direct and immediate purpose of the contract of insurance being to protect and encourage an unlawful traffic, the contract was illegal and void, and the policy never attached. In the present case, the keeping of the billiard tables for hire and of the liquors

for sale being carried on as one business, and the policy being illegal as to the former at least. the whole contract is void.

*Exceptions overruled.**

---

\* A similar decision was made in Suffolk, March 26, 1880.