JAMES F. HILL *vs*. MIDDLESEX MUTUAL ASSURANCE
COMPANY.

Worcester.   October 3, 1899. — November 29, 1899.

Present: HOLMES, C. J., KNOWLTON, LATHROP, BARKER, & LORING, JJ.

*Fire Insurance — Material Alterations increasing Risk — Past Breach of
Condition not contributing to Loss.*

The owner of two houses, each of which contained four tenements, altered them
without the assent of the insurer, by changing the two lower tenements in each
house into flats so that the rooms of each tenement, which originally were on a
part of two floors, were all upon the same floor; by laying hard-wood floors, and
changing the location of the doors so far as necessary to make rooms on each
floor open into each other; by building outside an open plank walk from one
house to the other on a line and on a level with the street, supported by stringers
attached to the houses and resting on posts set in the ground; by taking out
the stairs leading from one tenement to the other on the two lower floors of
each house, and placing them so as to lead down from such plank walk to
another plank walk on the ground; and by moving the partitions and increasing
the number of apartments in the privies between and in the rear of the houses.
*Held*, in an action on the policy, that the alterations were not in the nature of
ordinary repairs, but constituted material alterations which properly might be
found to increase the risk.

The fact that a breach of a condition in an insurance policy is past and did not
contribute to the loss does not necessarily put an end to the right of the insurer
to avoid the policy.

CONTRACT, upon a policy of insurance in the Massachusetts
standard form against loss by fire on the plaintiff's property in
Warren, containing the following provision: " This policy shall
be void . . . if without such assent, [the assent in writing or in
print of the company,] the situation or circumstances affecting
the risk shall, by or with the knowledge, advice, agency or con-
sent of the insured, be so altered as to cause an increase of such
risks." Trial in the Superior Court, without a jury, before
*Gaskill*, J., who allowed a bill of exceptions, in substance as
follows.

The defendant admitted the issuance of the policy and that
the question of damages had been settled by reference to three
disinterested persons, but set up in defence, and introduced evi-
dence to support such defence, that the plaintiff had made such

changes during the term of the policy in the situation or circumstances affecting the risk without its knowledge or consent in writing as to avoid the policy; namely, that he had given a mortgage to the Worcester County Institution for Savings, that he had left the houses insured open and uncared for, that he had put on other insurance, and that he had made alterations and repairs in the buildings without the defendant's permission.

The judge found against all the contentions of the defendant, except on the matter of the alterations and repairs made by the plaintiff during the term of the policy.

It appeared that in the winter and spring of 1897, the plaintiff made the following alterations and repairs in and around the two houses that were destroyed by fire on November 22, 1897.

There were four tenements in each house, and the houses were situated on the line of Crescent Street in Warren. The street in front of the houses was raised some fifteen feet and kept in position by a stone embankment. The street curved in front of the houses so that the houses were about twenty-five feet apart at their front and some fifteen feet apart at the rear. The entrances to the two lower tenements in each house were upon an avenue at the back of the houses. Each tenement was originally on a part of two floors.

The plaintiff changed the two lower tenements in each house into flats so that the rooms of each tenement were all upon the same floor. He put down some hard wood floors, and changed the location of the doors so far as necessary to make the rooms on each floor open into each other. Outside he built an open plank walk from three to four feet wide from one house to the other on a line and on a level with the street. This walk was supported by two stringers attached to and reaching from one house to the other and also resting on two or more posts set in the ground. The stairs leading from one tenement to the other on the two lower floors of each house were taken out and located on the outside, and so placed as to lead down from such plank walk to another plank walk upon the ground. Between the houses and back of the lower plank walk were two privies for the accommodation of the tenants, each of which was originally divided into four apartments. The partitions between these apartments were either taken out or moved, and there were five apartments

made for each privy, but the outside walls of the privies were not changed. These repairs and alterations were all completed six months before the fire.

The judge found as a fact that the risk was increased during the progress of the material alterations, and that the rate of insurance during that time was greater in consequence of the work done ; and that the defendant had no notice of such repairs and alterations during the progress of the work, nor afterwards prior to the fire.

At the close of the evidence, the plaintiff asked for the following rulings : " 1. The repairs or improvements made by the plaintiff were completed before the fire, and were in the nature of ordinary repairs, incidental to the proper use and occupancy of the buildings, and did not increase the risk to any appreciable extent, or to such an extent as to make void the policy. 2. The mortgage which the plaintiff gave to the Worcester County Institution for Savings on the property insured, in connection with the other property, was not in violation of the terms of the policy, and did not increase the risk with the defendant company in any way. 3. If there was any violation of the terms of the policy by the plaintiff on account of alterations or other insurance, such violation ceased before the fire, and the same did not contribute in any way to the fire itself, and therefore the policy was in full force at the time of the fire."

The judge gave the second ruling asked for ; declined to give the others ; and found for the defendant. The plaintiff alleged exceptions.

*B. W. Potter*, for the plaintiff.

*H. V. Cunningham*, (*F. W. Brown* with him,) for the defendant.

LATHROP, J. The policy in suit is in the Massachusetts standard form, and contains the following clause : " This policy shall be void . . . if without such assent, [the assent in writing or in print of the company,] the situation or circumstances affecting the risk shall, by or with the knowledge, advice, agency or consent of the insured, be so altered as to cause an increase of such risks."

The judge who tried the case without a jury has found as a fact " that the risk was increased during the progress of the material alterations, and that the rate of insurance during that

time was greater in consequence of the work done." We are of opinion that this finding was fully warranted by the description of the alterations set forth in the bill of exceptions; and that what was done was not in the nature of ordinary repairs, but constituted material alterations, which might properly be found to increase the risk. The first instruction requested was therefore properly refused.

The second instruction requested was given.

The third instruction requested proceeds upon the theory that as the alterations were completed before the fire, and did not contribute to the fire, the policy was in full force at the time of the fire. The judge refused to give this instruction, and, in addition to the finding of fact already stated, found that the defendant company had no notice of such repairs during the progress of the work nor afterwards, prior to the fire.

The third instruction requested was rightly refused. The fact that a breach of condition is past and did not contribute to the loss does not necessarily put an end to the right of the insurer to avoid the policy. *Kyte* v. *Commercial Union Assurance Co.* 149 Mass. 116. *Wainer* v. *Milford Ins. Co.* 153 Mass. 335, 339. See also *Imperial Ins. Co.* v. *Coos County*, 151 U. S. 452; *Moore* v. *Phœnix Ins. Co.* 62 N. H. 240; *Wheeler* v. *Traders' Ins. Co.* 62 N. H. 450.                    *Exceptions overruled.*