ROYLE MINING COMPANY, Appellant, v. THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, Respondent.

Kansas City Court of Appeals, June 24, 1907.

1. ACCIDENT INSURANCE: Policy: Repugnancy: Construction. Where two, clauses of an instrument are so totally repugnant that they cannot stand together, the first should be received and the latter rejected.

2. ———: ———: ———: ———: Limitation. Where a clause of a contract merely limits its scope without destroying it the restriction must be considered as incorporated into and forming a part of the clause which it limits, and the intention is to be gleaned from the two clauses read together.

3. ——: ——: ——: ——: ——. A policy of accident insurance indemnified a mining company against loss from common law or statutory liability; a subsequent clause provided that the policy did "not cover loss, etc., from injuries occasioned by reason of the failure of the assured to observe any statute affecting the safety of persons." · A miner was injured and recovered damages because of the failure of the company to send down props as required by the statute. *Held,* there was no repugnancy since the indemnity against statutory liability is entirely consistent with the agreement to keep certain statutes from its operation.

3. ——: **Non-Liability: Waiver: Prejudice: Presumption.** Under a certain policy the insurer was not liable for injuries resulting from the violation of the statute. Such an injury occurred. Thereupon the insurer took charge of the resulting litigation in compliance with the policy and conducted the same to final judgment on appeal. It then refused to pay the judgment because not within the provisions of the policy. *Held,* it had waived its defense by assuming charge of the litigation and so acknowledging its liability; and whether the assured was in fact prejudiced or not by such conduct is immaterial, since it will be so presumed.

4. ——: **Violation of Statute: Negligence: Injury: Public Policy.** A contract to protect another against a willful violation of law is *contra bonos mores* and therefore void; but contracts of indemnity against the consequences of possible, but unintended, future negligent acts, are binding; and there seems to be no distinction in principle between negligent omission of statutory and common law.

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs,* Judge.

REVERSED AND REMANDED.

*McAntire & Scott* for appellant.

(1) The appellant is bound by the actions of its attorney, Frank L. Forlow, in the case of Nancy McDaniels v. Mining Co.; Molten v. Booker, 115 Mass. 36; Bonifield v. Thorpe, 71 Fed. 924. (2) That the insurance company having full knowledge and full information of the character of said action, after entering upon the defense thereof and electing to assume its liability under

the insurance policy as an indemnitor and protector of the plaintiff, should defend said action and maintain complete control and charge of the defense of said action until its final termination, and then, when the judgment has been rendered therein against the assured, to deny for the first time its liability to the assured to indemnify it for the payment of such judgment, is contrary to the first principles of justice.    Davis v. Wakelee, 156 U. S. Sup. 689; Sturdivant v. Huters, 87 Mo. App. 540; Insurance Co. v. Cravens, 69 Mo. 72; Buchanan v. Smith, 75 Mo. 463; K. C. M. & B. Co. v. Railway, 151 Mo. 390; St. Joseph v. Railway, 116 Mo. 636; Allen v. Hickey, 156 Mo. 59.    (3)    The objection that a liability is not within the terms of a policy of insurance may be waived; and where the insurer undertakes the defense of an action, brought by the injured person against the insured, with the full information of the character of the action, it will be deemed to have waived the objection that the liability was not within the terms of the insurance policy.    Myton v. Fidelity and Casualty Co., 117 Mo. App. 453; 11 Am. and Eng. Ency. of Law, 13; Cement Co. v. Insurance Co., 11 N. Y. App. Div. 411; Roby v. Insurance Co., 120 N. Y. 510; Fuller v. Casualty Co., 94 Mo. App. 490; Davis v. Wakelee, 156 U. S. 680; Riley v. Insurance Co., 117 Mo. App. 229; Polk v. Insurance Co., 114 Mo. App. 514; Lafogel v. Insurance Co., 43 Mo. App. 518; Williams v. Santa Fe, 153 Mo. 519; Finke v. Insurance Co., 66 Mo. App. 513; Trippe v. Provident Society, 140 N. Y. 23; McNally v. Insurance Co., 137 N. Y. 389; Titus v. Glen Falls Co., 81 N. Y. App. 410.    (4)    The contention of the defendant herein in the lower court that it could not waive the provisions of clause "B," because public policy forbade the defendant to waive or condone the violation of a law, is not founded upon reason or authority. Cement Co. v. Insurance Co., 11 N. Y. App. Div. 411; People v. Buddensick, 4 N. Y. Cr. 230; People v. Melins,

1 N. Y. Cr. 39; Turner v. Insurance Co., 16 Fed. 454; Hinckley v. Insurance Co., 140 Mass. 47; 29 Am. and Eng. Ency. Law, 1070. (5) The main clause of the insurance policy expressed the main purpose of the contract. Clause "B," however, is repugnant to the prior clause which expresses the main purpose of the contract. When two clauses of a contract are in conflict, the first governs rather than the last. Bean v. Ins. Co., 111 Tenn. 186, 78 S. W. 104; Bank v. Wilkin, 95 Wis. 111; Greenbay v. Hewitt, 59 Wis. 96; Hartong v. Witte, 59 Wis. 285; 2 Parsons on Contracts, 513; 2 Blackstone's Commentaries, p. 381; Chitty on Contracts, 11 Am. Ed. 128; Strauss v. Wanamaker, 175 Pa. 213; Cement Co. v. Insurance Co., 11 N. Y. App. Div. 411; Bank v. Spaulding, 9 N. Y. 62.

*Percy Werner* for respondent; *F. L. Forlow* and *H. W. Currey* of counsel.

(1) Neither a waiver nor an estoppel is shown by the record. Cement Co. v. Insurance Co., 162 N. Y. 399, overruling on this point the decision of the appellate division (11 App. Div. 411), which is cited by appellant. (2) A contract to insure against the consequences of a violation of law would be illegal and void; and a provision in a policy excepting losses arising from illegal acts of the insured cannot be waived. Russell v. De-Grand, 15 Mass. 35 (a marine policy covering interdicted parts); Kelly v. Insurance Co., 97 Mass. 288 (a policy on liquors kept for illegal safe); Pollard v. Insurance Co., 63 Miss. 244 (a policy upon goods held for sale without license). Johnson v. Insurance Co., 127 Mass. 555, and Lawrence v. National Insurance Co., 127 Mass. 557 (of same character as above); Boardman v. Insurance Co., 8 Cush. (Mass.) 586. A contract as to a matter forbidden by law is always void, and cannot be enforced. Rice v. Bank, 98 Mo. App. 699; Downing v. Ringer, 7 Mo. 585; Stock Co. v. Land & Cattle Co., 138 Mo. 406; Ehrhardt v. Robertson, 78 Mo. App. 409. (3)

The exception contained in clause b is not repugnant to the prior part of the policy. Gray v. McDonald, 104 Mo. 311; Hennessy v. Brewing Co., 145 Mo. 112; McGinnis v. Car & F. Co., 174 Mo. 229. Respondent not only had the right, but it was in duty bound, to restrict its promise of indemnity to the consequences of acts which were not forbidden by the statute. Fuller v. Fidelity & Casuality Co., 94 Mo. App. 490, 494; Coal Co. v. Fidelity & Casualty Co., 130 Fed. 958; Goodwillie v. London G. & A. Co., 108 Wisc. 207; Insurance Co. v. Henderson, 69 Fed. 768; St. Louis D. B. & P. Co. v. Maryland (U. S. S. C.), 26 Sup. 400.

JOHNSON, J.—Action on a policy of insurance. At the conclusion of the evidence introduced by plaintiff, the court peremptorily instructed the jury to return a verdict for defendant, and plaintiff, compelled thereto took a nonsuit with leave, and after ineffectually moving that it be set aside and a new trial granted, brought the case here by appeal. It appears from the evidence that defendant, on December 15, 1902, issued to plaintiff a policy to indemnify it "against loss from common law or statutory liability for damages on account of bodily injuries fatal or non-fatal accidentally suffered within the period of this policy by any employee or employees of the assured while on duty at the places and in the occupations mentioned in the schedule hereinafter given, in and during the continuance of the work described in the said schedule." The foregoing quotation embodies the obligation of the insurer as expressed on the face of the policy. "Special agreements" follow, among which is one providing that "this policy does not cover loss from liability . . . for injuries occasioned by reason of the failure of the assured to observe any statute affecting the safety of persons." The policy concludes with a number of "general agreements," among them the following: "If, thereafter, any suit is brought

against the assured to enforce a claim for damages on
account of an accident covered by this policy, the as-
sured shall immediately forward to the home office of
the company every summons or other process as soon as
the same shall have been served on him and the com-
pany will at its own cost defend against such proceed-
ing in the name and on behalf of the assured and pay
the indemnity, or settle the same, unless it shall elect to
pay to the assured the indemnity provided for in clause
"A" of special agreements as limited therein." (The
clause referred to limits the insurer's liability to fifteen-
hundred dollars for an accident resulting in the death
of one person.)

"The assured shall not settle any claims except at
his own cost, nor incur any expense nor interfere in any
negotiation for settlement or in any legal proceedings
without the consent of the company previously given in
writing. . . . The assured, when requested by the
company shall aid in securing information, evidence
and the attendance of witnesses and in effecting settle-
ments and in prosecuting appeals."

A zinc mine operated by plaintiff in Jasper county
was the business covered by the policy. On March 5,
1903, while the policy was in force, a miner named Mar-
vin McDaniels, employed by plaintiff in the mine, was
killed in one of the drifts by falling material. He was
unmarried and childless. Shortly after his death, his
mother brought an action against plaintiff for damages
sustained by her on account of his death. The cause of
action pleaded in the petition is based on negligence and
the specific act of negligence averred appears in this
excerpt from the petition: "That the falling of said
earth and rock was due directly to the failure of defend-
ant to furnish sufficient supply of timbers when re-
quired to be used as props so that the workmen in said
drift might at all times be able properly to secure the
said workings from caving in and to the failure of

defendant to send such prop timber down into the ground when required to be used as aforesaid, and that the death of said Marvin McDaniels was due directly to the failure of defendants to furnish such prop timbers when they were required as aforesaid."

The trial of that action resulted in favor of the plaintiff therein, who recovered a judgment against plaintiff here (defendant there) in the sum of one thousand dollars. An appeal was prosecuted to this court where the judgment was affirmed. [McDaniels v. Mining Co., 110 Mo. App. 706.] We refer to the reported opinion for a full statement of the facts on which the judgment was sustained. After the mandate of this court was issued, plaintiff paid the judgment and costs in full on execution, amounting in all to $1,259.70, and in the present action seeks reimbursement from defendant for the amount so expended. The defense interposed is founded on the stipulation in the special agreement exempting defendant from liability "for injuries occasioned by reason of the failure of the assured to observe any statute affecting the safety of persons," and it is alleged in the answer that "the said judgment recited and set out in plaintiff's petition was recovered by the said Nancy McDaniels, and said judgment was based and predicated upon the violation by the plaintiff of section 8822, Revised Statutes 1899, which directly affected the safety of miners, and which section is as follows:

"*Prop Timbers.*—The owner, agent or operator of any mine shall keep a sufficient supply of timbers, when required to be used as props, so that the workmen may at all times be able to properly secure the said workings from caving in, and it shall be the duty of the owner, agent or operator to send down all such props when required."

It is conceded by plaintiff that the judgment recovered against it in the McDaniel case was founded on

its negligent failure to comply with the requirements of the statute just quoted, but it endeavors to sustain its right to a recovery under the policy on two principal grounds: *First,* that the special agreement on which defendant relies is repugnant to the undertaking of the insurer expressed on the face of the instrument to indemnify the insured against statutory liability, and *second,* that defendant waived the benefit of the exception provided in the special agreement by taking charge of the defense of the McDaniel suit and conducting it until the final determination of that action in the appellate court. For a time during the trial, defendant vigorously resisted the efforts of plaintiff to establish the fact that defendant assumed from the first, and exercised to the end, control of the defense to that action, but finally, plaintiff succeeded in showing that fact by what appears to be incontrovertible evidence, and further made it appear beyond dispute that defendant in no manner signified its purpose to repudiate its obligation under the policy to indemnify plaintiff until after the latter was confronted by an execution.

That the liability enforced against plaintiff sprung from its failure to comply with the provisions of the prop statute and, therefore, fell within the scope of the special agreement under consideration, is a fact about which there can be no controversy, and our first concern is with the question of whether or not the special agreement is enforcible at all. If it can be harmonized with the other agreements in the contract, the exemption from liability it provided was of avail to defendant when the question of its liability under the policy first arose, but on the other hand, should we find that its terms are repugnant to those embraced in a preceding part of the contract to which greater weight must be attached in the interpretation of that instrument as a whole, then the proviso under consideration should be rejected *in toto* and the defense founded upon it must

fall for lack of support. The main purpose of the contract as expressed on its face was to indemnify plaintiff "against loss from common law or statutory liability." That purpose must be given effect and if the limits attempted to be imposed on it in the subsequent proviso under consideration are so closely drawn that they destroy the expressed purpose of the parties, the prior clause must override the subsequent restrictive clause. The rule announced by Blackstone (2 Blackstone 381) "that in a deed if there be two clauses so totally repugnant to each other that they cannot stand together, the first should be received and the latter rejected," has been generally followed in the construction of simple contracts. [Bean v. Aetna Life Ins. Co., 111 Tenn. 186; Wisconsin Marine Bank v. Wilkin, 95 Wis. 111; Greenbay v. Hewitt, 59 Wis. 285; 2 Parsons on Contracts, 513; Chitty on Contracts, 11 Am. Ed. 128; Strauss v. Wannamaker, 175 Pa. 213.] In the last case cited, it was said "The obvious method of construing such contract is to hold that the parties clearly stated their purpose in the beginning."

But in order to justify a court in holding for naught an agreement which the parties themselves have chosen to insert in their contract, the conflicting clauses must be so irreconcilable that each evidences an entirely different purpose from that expressed in the other. Courts have no right to make contracts, and wherever it may be done without violence to reason, effect must be given to all parts of the instrument executed by the parties. Where a clause of a contract merely limits the scope of a previous clause without destroying it, such restrictive clause must be considered as incorporated into and forming a part of the clause which it limits, and the purpose and intention of the parties is to be gleaned from the two when read together. As was said by Jessel, M. R., in Williams v. Hathaway, L. R. 6 Ch. Div. 544: "The distinction has always been taken between

a proviso which is repugnant to the covenant and, therefore, void, and a proviso which can be incorporated into the covenant and be consistent with it." [Bean v. Ins. Co., supra; Chase v. Bradley, 26 Me. 538; Jackson v. Ireland, 3 Wend. 99; Wharton on Contracts, sec. 873; 1 Addison on Contracts, 186; Story on Contracts, sec. 810.]

In the application of these principles to the present case, we give sanction to the conclusion reached in Coal Company v. Insurance Co., 130 Fed. 957, where Judge PHILLIPS, speaking of a proviso similar to that before us, observed that "The general clause against loss from common law or statutory liability was neither nullified nor emasculated by the exception, as there were left many subjects-matter upon which it could operate. For instance, but for the statute law of the State, in case of death from accidental injury giving a right of action to the designated survivors, there would be no liability on the part of the employer. If the injury was the result of the negligence of a fellow-servant there would be no liability of the master but for the fellow-servant statute of the State." We are of opinion that the exception before us should not be considered as repugnant to one of the main purposes of the contract, but as merely limiting the scope of the obligation assumed by defendant to indemnify plaintiff against loss from statutory liability. We do not deem this conclusion to be at variance with that of the Supreme Court of Tennessee in Bean v. Insurance Co., supra. In that case, the first clause of the contract purported to insure the complainant for a period of twelve months. The objectionable clause attempted to cut down the term by fifteen days. The two provisions could not be harmonized, as one was destructive of the other, and the court properly rejected the subsequent clause on the ground of repugnancy. But

126 App—8

here, the undertaking to indemnify against statutory liability is entirely consistent with the agreement to except certain statutes from the operation of that agreement, and as the two agreements can be harmonized, it necessarily follows one is not repugnant to the other.

The second ground for reversal urged by plaintiff meets our approval. Recently in the case of Myton v. Fidelity & Casualty Co., 117 Mo. App. 442, we gave effect to the principle aptly expressed in Am. and Eng. Encyc. of Law, Vol. 11, p. 13 (2 Ed.), that "The objection that the liability is not within the terms of the policy may, of course, be waived, but where the insurer undertakes the defense of the action by the injured party against the insured, with full information as to the character of the injury, it will be deemed to have waived the point that such injury is not one which would have entitled the insured to recover." We are satisfied with this principle, sustained as it is by reason and authority. Defendant, with full knowledge of the nature of the liability asserted against the insured, instead of denying any obligation under the policy, resorted to the terms of that instrument for authority to deprive plaintiff of its right to control its own lawsuit. In effect, it assured plaintiff that it would recognize the liability as one falling within the terms of the policy and for the reason that it proposed to indemnify plaintiff, claimed and was accorded the right under the contract to contest the action in its own way to a final determination. It is immaterial whether plaintiff could or would have compromised the action had it been left free to act, or whether it could have achieved any better results had it controlled the defense. The principle on which defendant should be held liable is that which estops a party from taking a position inconsistent with one previously assumed by him, and to the prejudice of a third person. [Tozer v. Insurance Co., 94 Minn. 478.] Defendant

will not be permitted to serve one purpose by taking a position, as it did throughout the progress of the Mc-Daniels suit, that the liability of plaintiff was one it would recognize as covered by the policy, and then after using that position to the detriment of plaintiff, change front by denying all liability. Plaintiff must be presumed to have been prejudiced by such conduct and need not be put to the proof that it could have achieved better results had defendant not interfered.

But it is argued by defendant that the liability of plaintiff could not be made the subject of a contract of indemnity for the reason that the agreement to insure a person against the consequences of a violation of law is against public policy and such agreement cannot be enforced. It is true that a contract made to protect a person against a willful or intentional violation of law, or against a willful or intentional commission of any future wrong, is *contra bonos mores* and, therefore, void. [Russell v. DeGrand, 15 Mass. 35; Kelly v. Insurance Co., 97 Mass. 288; Pollard v. Insurance Co., 63 Miss. 244; Johnson v. Insurance Co., 127 Mass. 555; Boardman v. Insurance Co., 8 Cush. 583.] But contracts of indemnity against the consequences of possible, but unintended, future negligent acts, have been sustained and we perceive no distinction in principle between the negligent omission of a statutory duty and a similar breach of a common law duty. Both are sins of omission since they result from the failure of the actor to observe the degree of care imposed on him by the rules of law. The motive which prompts a person to purchase indemnity against acts of this character cannot be said to include an intent to violate the law, and in this respect, differs from that which would impel a person to contract for protection against the consequences of an intended future offense against the law.

It follows from what has been said that the learned trial judge erred in sustaining the demurrer to the evi-

dence. Accordingly the judgment is reversed and the cause remanded. All concur.