WILLIAM RABINOVITZ *vs.* NATIONAL FIRE INSURANCE COMPANY OF HARTFORD.

SAME *vs.* STANDARD FIRE INSURANCE COMPANY OF NEW JERSEY.

Suffolk.      December 7, 1926. — March 3, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Insurance*, Fire. *Explosive.*

A policy of insurance against loss by fire which was issued to the proprietor of a grocery, who, at and after the time of the issuance of the policy, kept and stored on his premises firecrackers which contained gunpowder without a permit or license therefor and contrary to the provisions of G. L. c. 148, § 14, never was in force if it contained a provision that it should be "void . . . if gunpowder or other articles subject to legal restriction shall be kept in quantities or manner different from those allowed or prescribed by law."

TWO ACTIONS OF CONTRACT upon policies of fire insurance. Writs dated March 6, 1922.

In the Superior Court, the actions were tried together before *Callahan*, J. Material evidence is stated in the opinion. At the close of the evidence, the defendants moved that verdicts be ordered in their favor. The motions were

denied.  There were verdicts for the plaintiff, in the first action in the sum of $579.72 and in the second action in the sum of $487.91.  The defendants alleged exceptions.

*J. F. Barry,* (*E. Carr* with him,) for the defendants.

*J. Wasserman,* for the plaintiff.

CROSBY, J.  These actions are brought to recover upon two fire insurance policies issued to the plaintiff.  A fire occurred in the plaintiff's grocery store on November 17, 1921.  The policies each contained the following provision: "This policy shall be void . . . if gunpowder or other articles subject to legal restriction shall be kept in quantities or manner different from those allowed or prescribed by law."

The plaintiff testified that, at the time of the fire, he had in the store fireworks which were in a covered box on a shelf; that they were a part of the stock received by him when he purchased the store and took possession about a year and a half previous to the day of the fire.  In the course of his examination he was shown a box which, he testified, "contained five paper cylinders six inches long and one half inch in diameter, containing explosive powder and sold as fireworks, and four red packages of three inches square, containing paper cylinders one and one quarter inches long." He further testified that he did not have a permit to keep fireworks.

G. L. c. 148, § 10, provides that the department of public safety may make rules and regulations for the "keeping, storage . . . of gunpowder . . . and . . . that cities and towns may by ordinances or by-laws prohibit the sale or use of fireworks or firecrackers within the city or town, or may limit the time within which firecrackers and torpedoes may be used."  Under § 14 it is provided in part that "No building or other structure shall . . . be used for the keeping, storage . . . of any of the articles named in section ten unless the aldermen or selectmen shall have granted a license therefor . . . ."  Section 16 provides that "Whoever keeps, stores . . . any of the articles mentioned in section ten, in violation of section thirteen or fourteen or of any regulation, ordinance or by-law made under section ten . . . shall . . . be punished . . . ."

It is plain from the testimony of the plaintiff that he kept and stored on his premises firecrackers which contained gunpowder without a permit or license therefor, in violation of § 14. The keeping and storage of firecrackers without any permit or license from the date the policies were issued until the fire occurred were in direct violation of the provision of the policies that they "shall be void . . . if gunpowder or other articles subject to legal restriction shall be kept in quantities or manner different from those allowed or prescribed by law." It is a matter of common knowledge that the keeping and storage of gunpowder in a building increase the risk. If so kept in violation of law and in violation of the terms of the policy, the insurer is not liable under the contract of insurance. *Kyte* v. *Commercial Union Assurance Co.* 149 Mass. 116, 123. See *Hinckley* v. *Germania Fire Ins. Co.* 140 Mass. 38. As it is admitted by the plaintiff that, when these policies were issued and thereafter until the time of the fire, firecrackers containing gunpowder were kept and stored by him without permit or license as required by law, the policies never were in force and he cannot recover. *Johnson* v. *Union Marine & Fire Ins. Co.* 127 Mass. 555. *Stone* v. *Howard Ins. Co.* 153 Mass. 475. *Hill* v. *Middlesex Mutual Assurance Co.* 174 Mass. 542. It follows that the motion of the defendant in each case that a verdict be directed in its favor should have been allowed.

In view of the conclusion reached, it need not be determined whether the plaintiff is precluded from recovery on the ground that matches were kept in the store, in violation of G. L. c. 148, § 65.

The exceptions to the refusal to give the requested rulings have become immaterial. The entry in each case must be

*Judgment for the defendant.*