Pettingell, P. J.
When this case came on to be argued in this Division counsel for the plaintiff called to the attention of the court the fact that his client, the plaintiff, administrator of.the Estate of Ansley R. Strachan, the insured, had died, that no succeeding administrator has been appointed, that he was without any authority to act in the case. Upon the authority of Deslauries v. Shea, 300 Mass. 30, at 40, 41, the court suggested that Meyer Lipchitz, • attorney for the deceased plaintiff, argue the case as amicus curiae, which he did..
Action of contract to recover the amount due on an insurance policy issued by the defendant on the life of plaintiff’s1 intestate. At the time the policy was issued to the intestate, and at the time of his death, he was an unmarried •man, but in the- policy he' named as beneficiary one Lillian Strachan, described as the wife of the insured. The an *8 swer is a. general denial and payment to Lillian Wadel, the defendant being satisfied that she was the fiancee of the insured and the person intended to be designated by him, as beneficiary; and a further answer claiming estoppel because the plaintiff gave Lillian Wadel possession of the policy upon which the defendant paid her.
There was evidence from which the trial judge could find that the insured was an unmarried ¡man, that he and Lillian Wadel, otherwise Lillian Straehan, were engaged to be married, that he took. Out the insurance policy intending that she should be the beneficiary; that they were engaged to be married for more than three years before the death of the insured but kept putting off the time of marriage because of his health.
While the insured was ill a premium on the policy which became due was not paid before his death. After hi's death the plaintiff took the policy in question to the defendant’s office where it was returned to him. Later Lillian Wadel telephoned him to meet her in Boston and to have the policy with bim. They met as- arranged and she received the policy from him, and kept it, subsequently turning it in to the defendant with a proof of claim and receiving a check in payment of the amount due. The plaintiff made the following requests for rulings of law:
“1. There is evidence to warrant a finding for the plaintiff. 2. Upon all the evidence and the pleading the plaintiff is entitled to recover as a matter of law for the following reasons: (a) There never had been any marriage between Ansley Straehan, the insured deceased, and the so-called Lillian Wadel. (b) The defendant knew that the so-called. Lillian Wadel was not the wife of the insured deceased when she signed the proof of death as Lillian Wadel. (c) That the so-called Lillian Wadel knew that she was not married to Ansley Straehan, the insured deceased, (d) That ■the name Lillian Wadel is fictitious, (e) That the person who- calls herself Lillian Wadel was at most the- *9 paramour of the deceased insured Ansley. Strachan. (f) That as a paramour of the deceased insured the designated beneficiary fails and the estate of the insured is entitled to the proceeds.”
The court .allowed #1 and disallowed #2 for the following- reasons1: because I find that LiEian Wadel was the person the deceased intended to name as his beneficiary, and though not his wife, they lived together as man and wife, and they were engaged to be-married, and the defendant paid to her the proceeds of the poEcy sued on.”
There was a finding for the defendant.
It was not necessary for the beneficiary to have an insurable interest in the Efe of the assured when the policy was taken out by him. Campbell v. New England Mutual Life Ins. Co., 98 Mass 381, at 389. Mutual Life Ins. Co. v. Allen, 138 Mass. 24, at 36. Brogi v. Brogi, 211 Mass. 512, at 515. Potvin v. Prudential Life Ins. Co. of America, 225 Mass. 247, at 251. Clements v. Ferrell, 145 South Eastern Reporter, 78; 60 A. L. R. 969, at 975. Prudential Insurance Co. of America v. Fabians, 31 Federal Supp. 386. And a fiancee is properly a beneficiary in such a poBcy. McCarthy v. New England Order of Protection, 153 Mass. 314, at 318, 319. Harden v. Harden, 191 Kentucky 331; 17 A. L. R. 576, annotation at 580.
The description of the beneficiary as the wife of the insured is generally considered, not as a warranty that the beneficiary has the status of a legal wife, but as merely descriptio personae and the fact that one who otherwise answers the description does not, or did not at the inception of the insurance, have the legal status of wife of the deceased does not prevent her from taking as beneficiary if it is otherwise clear that she is the person intended, assuming that she is eligible to designation as beneficiary, and that the misdescription of her as “wife” does not amount to a breach of warranty or a misdescription avoiding the in *10 surance. Metropolitan Life Ins. Co. v. Olsen, 123 Atl. Reporter 576; 32 A. L. R. 1872. Annotation, 32 A. L. R. 1481. Frank v. Frank, 209 Ala. 630. Busch v. Supreme Tent K. M., 81 Mo. Appeals. 562. Supreme Tent. K. M. v. McAllister, 132 Mich. 69. Prudential Ins. Co. v. Morris, 70 Atl. Rep. 924. Doney v. Equitable Life Assur. Soc., 97 N. J. L. 393. Durian v. Central Verein, 7 Daly (N. Y.) 168. Bogart v. Thompson, 33 N. Y. Supp. 622.
•Cases in which the word “wife” or “husband” is- used to designate an individual and not a legal status are not unknown in Massachusetts.
In Hardy v. Smith, 136 Mass. 328, the husband of the testatrix with money furnished by another man went to Utah and got a divorce which the court here found to be void. After the divorce the testatrix married the man who furnished the money. By her will she left a legacy to her “husband”. The court found that although the first man she married was still her legal husband, she intended the ■legacy for the man she had illegally married and he was allowed to recover.
In Pastene v. Bonini, 166 Mass. 85, the testator who had married in Europe and had children there came to America and married again. In his will he left certain property to “my wife ’’. It was held that the testator’s intent governed and that he meant not the first woman he had married but the second.
The two eases just mentioned are in line with the Massachusetts ease of Brogi v. Brogi, 211 Mass. 512.
In that case the insured and the beneficiary, the latter described in two policies as “wife” were married in New York after Brogi’s legally married wife had secured a divorce from him in Massachusetts on the ground of adultery. The court said at page 514,
“And While we may not .recognize the validity of the marriage when she is here seeking the rights of a wife *11 under our law, we must not close our eyes to the fact ■that there has been a marriage ceremony between her and Brogi; that at the end of that ceremony they stood side by .side as lawfully wedded husband and wife Under the laws of the' .State of New York and of every other state except Massachusetts.”
In other words in that case, the court based the defendant’s right upon the fact that she had acquired a status, legal' in some jurisdictions, which was a .sufficient basis for a recovery.
The real issue in the case before us is whether the :fact that the insured and Lillian Wadel were living together as man and wife, as found by the trial judge without. having been married, prevents the beneficiary from recovery on the grounds of public policy. There is authority for such a recovery. 29 American Jurisprudence, Insurance 965, at 966. Metropolitan Life Ins. Co. v. Olsen, 123 Atl. Rep. 576; 32 A. L. R. 1472. Clements v. Terrell, 145 Southeastern Reporter 145, 60 A. L. R. 969. 3 American & English Encyclopaedia of Law, Beneficiaries (in Insurance), 968.
In the case of Frank v. Frank, 209 Ala. 630, decided in 1923, 32 A. L. R. 1478, the deceased married the defendant when he had a legal wife living. He lived with defendant for ten years, she not knowing of the existence of the legal wife. In that time he took out a benefit insurance policy in which the defendant was named as beneficiary as a dependent being described as the insured’s wife. Later the beneficiary found out .the existence of the legal wife and ceased to live with the insured. It was held that she could .recover. The" court seems to have considered as material the fact.that the illegal cohabitation ceased when the plaintiff learned of the illegality. .
In Prudential Insurance Co. v. Fabiano, 39 Federal Supp. 386, the insured took out an insurance policy, naming as beneficiary the woman with whom he was living, deserib *12 ing her as his wife. He was a divorced man When they began living together and at no time was she hie wife. It was held that she was the only one who could recover under the policy, and that a release by her constituted, a full discharge. The question of immorality is not discussed.
There is, moreover, authority, even for the recovery by a paramour of the insured named as beneficiary and described as “wife”. Mutual Benefit Life Ins. Co. v. Cummings, 66 Ore. 272, 32 A. L. R. Annotation, 1482, at 1482, 1483. In that case the court said,
‘‘ The living together as husband and wife of the deceased and the beneficiary, while the deceased had a wife living was an act of gross immorality that cannot be too strongly condemned, but this illicit relation between them did not incapacitate him to make a valid contract of insurance upon his life for the benefit of his reputed wife.”
The issue of public policy was raised .squarely in McCarthy v. New England Order of Protection, 153 Mass. 314, at 320. This was an action by the beneficiary, fiancee of the insured. The court said at 320,
“It is also urged, that upon grounds of public policy Miss Judge (the beneficiary) is not entitled to the fund. But it is admitted at the argument, on all hands, that thp relations between the two were entirely proper, and we fail to see anything contrary to good morals or public policy in her claim to the fund. ’ ’
This it seems to us is- a clear intimation that if there had been any impropriety in the relations between the two, she would not have been allowed a recovery.
An interesting Massachusetts ease is that of Lord v. Dall, 12 Mass. 115. In that case a young man took out $5000 on his life for seven months payable to a younger sister while he was on a voyage to South America or any other place. Actually the insured was. engaged in an expedition to secure *13 slaves for South. America. While on the voyage he. died of illness. Among other defences pleaded in an action by the sister was the illegality of the voyage. The court held that the sister had an insurable interest in her brother’s life; that the contract was on its face proper and not objectionable on the score of public policy and morals; that the plaintiff did not participate in the illegality; that “there being nothing in the contract unfriendly to the morals or interests of the community; and no knowledge of an illegal intention being imputed to the plaintiff”, the plaintiff could recover.
There is in Massachusetts a line of oases beginning with Hatch v. Mutual Life Ins. Co., 120 Mass. 550, which hold that participation by the insured in an illegal act, such as undergoing an illegal' surgical operation, voids the policy as increasing the risk. Szadiwics v. Cantor, 257 Mass. 318. De Mello v. John Hancock Mutual Life Ins. Co., 281 Mass. 190, at 196. Most of the cases which follow Hatch v. Mutual Life Ins. Co., supra, are cases where the insured has engaged in illegality but Lord v. Dall, supra, and McCarthy v. New England Order of Protection, supra, both intimate that knowledge of the illegality and participation in it by the beneficiary will bar recovery by that party.
For cases where the knowingly improper living together of a man and woman defeats the right of the woman to recover for personal services rendered, see Robbins v. Potter, 11 Allen 588, at 591. s. c. 98 Mass. 532, at 534. Cooper v. Cooper, 147 Mass. 370, at 372. Ogden v. McHugh, 167 Mass. 276, at 279. Zytka v. Dmochowski, 302 Mass. 63, at 65. See also, White v. Buss, 3 Cush. 450, at 451.
For other cases where it has been held that illegality is a bar to recovery on an insurance policy, see Kelly v. Worcester Mutual Fire Ins. Co., 97 Mass. 284, at 286, 287. Kelly v. Home Insurance Co., 97 Mass. 288. Johnson v. Union *14 Marine & Fire Co., 127 Mass. 555. Lawrence v. National Fire Ins. Co., 127 Mass. 557. Rabinovitz v. National Fire Ins. Co., 258 Mass. 508, at 510.
In Boardman v. Merrimack Mutual Fire Ins. Co., 8 Cush. 583, at 586, Chief Justice Shaw said,
“The distinction between cases, where contracts are or are not void as against law, is well stated by Marshall, C. J. in Armstrong v. Toler, 11 Wheat. 271. The principle established is., that where the consideration is illegal, immoral and wrong, or where the direct purpose of the contract is to effect, advance or encourage acts in violation of law it is void. But if the contract sought to be enforced, is collateral and independent, though in some measure connected with acts done in violation of law, the contract is not void.”
In our opinion for a man cohabiting illegally with a woman not his wife to insure hie life for her benefit is ‘ ‘to effect, advance or encourage acts in violation of the1 law” and that the contract in the instant case had that direct purpose.
It was prejudicial error, therefore, to disallow the plaintiff’s second request, the trial judge having found that the insured and the beneficiary, who were not married, “lived together as man and wife”. Because the policy was one against public policy, the beneficiary was not entitled to recover. The defendant should not have paid the amount due under the policy to the beneficiary.
The administrator of the estate is the one entitled to recover. Slocum v. Metropolitan Life Ins. Co., 245 Mass. 565, at 567, 568.
The finding for the defendant- is to he vacated and the case is to stand for a new trial on the issue of damages only.